*In re* ESTATE OF ALLEN M. GRIGG (Mutual Benefit Life Insurance Company, Petitioner, v. Carol A. Grigg, Indiv. and as Adm'r of the Estate of Allen M. Grigg, *et al.*, Respondents (Carol A. Grigg, Indiv. and as Adm'r of the Estate of Allen M. Grigg, and as Legal Guardian of the Minor Children of Allen M. Grigg, Cross-Plaintiff and Appellant; Barbara L. Bronson, Cross-Defendant and Appellee)).

First District (6th Division)   No. 1—87—3809

Opinion filed September 15, 1989.

Mason D. Sullivan, Ltd., of Chicago, for appellant.

Dabrowski & McGrath, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE EGAN delivered the opinion of the court:

The issue in this case is whether the proceeds of a life insurance policy, payable to someone not related to or dependent on the deceased, may be reached to pay the deceased's funeral expenses, the expenses incurred in the administration of the estate, the widow and child's award and the widow's statutory share. The trial judge ruled that they could not; and the petitioner, who concedes that the proceeds of the policy are not assets of the estate, nonetheless insists that the judge erred.

The decedent, Allen M. Grigg, started working for R.G. Dickenson & Company in September 1985; and took out a term life insurance policy through the company with Mutual Benefit Life Insurance Company (Mutual) in the amount of $50,000. He designated Barbara Bronson (Bronson) as the beneficiary. He indicated in his application for the policy that he was divorced; but he was not.

On January 26, 1986, the decedent died intestate survived by his widow, Carol A. Grigg, (Grigg) and two minor children. Grigg and the decedent had married on June 15, 1963, and lived together until November 4, 1983, when he left her and his children. Sometime after the decedent left his family, he started living with Bronson. Upon his death, Mutual was obligated to pay Bronson $50,000 as the proceeds of the life insurance policy; however, Mutual received claims for the proceeds from various parties.

Grigg was appointed administrator of the estate, which is insolvent, and she filed a citation proceeding to discover and recover assets from Mutual. Mutual filed an interpleader action against Bron-

son and the estate, deposited the policy proceeds and was dismissed from the suit. Grigg, as administrator, filed an action seeking a determination that Bronson was not a proper beneficiary. That case was decided in Bronson's favor; and that decision is not in issue here.

Bronson then filed a motion to compel the distribution of the deposited funds. Grigg filed a response and alleged that five claims had been made against the estate: by Wieboldt and Visa, which were for debts incurred by the decedent, by Cuneo Hospital for medical services rendered to the decedent, by Smith Funeral Homes for funeral expenses and by the Chicago Law Bulletin for publishing notices on behalf of the estate. Grigg asked that those claims be paid from the insurance proceeds and also asked that the child and widow's award and the widow's statutory share be paid from the proceeds. The judge ruled that the Wieboldt, Visa and Cuneo Hospital claims, totalling $1,890 be paid from the insurance proceeds, reasoning that they were debts incurred by the decedent himself. He denied all other claims on the ground that those claims may be paid only from estate assets and the insurance proceeds were not estate assets.

Bronson did not file a cross-appeal; but she asked in her brief that we modify the judgment by reversing that part of the order requiring her to pay for the debts incurred by the decedent. When the absence of the cross-appeal was called to the attention of Bronson's attorney during oral argument, he conceded that the absence of the cross-appeal prevented us from considering any error urged by Bronson. (See *National Football League Properties v. Dallas Cap & Emblem Manufacturing, Inc.* (1975), 26 Ill. App. 3d 820, 327 N.E.2d 247.) Therefore, we will not decide whether the trial judge's order to pay the claims of Wieboldt, Visa and Cuneo Hospital was correct.

The linchpin of the petitioner's argument is section 238 of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 850), which is as follows:

"All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not, and whether the insured or his estate is a contingent beneficiary or not, shall be exempt from execution, attachment, garnishment or other process, for the debts or liabilities of the insured incurred subsequent to the effective date of this Code, except as to premi-

ums paid in fraud of creditors within the period limited by law for the recovery thereof."

The petitioner interprets this provision to mean that the exemption for debts of the insured extends only to spouses of the insured or certain related persons dependent on the insured and not to Bronson or any other person not related and dependent on the insured. This is a novel argument. No case is cited so construing the statute, which was enacted in 1937. Indeed, it does not appear that anyone has even advanced the position of the petitioner in any reported case. In *Gurnett v. Mutual Life Insurance Co.* (1934), 356 Ill. 612, 191 N.E. 250, decided three years before the enactment of the statute, the supreme court held that a policy of insurance is not deemed an asset of the insured unless it is made payable to him, his executors or administrators. No case or text writer has suggested that section 238 has changed the rule of *Gurnett*.

■■ ■ One writer, the chairman of the commission that drafted the Insurance Code, cited *Gurnett* for his statement that "proceeds of life policies payable to a named beneficiary are free from claims of creditors of the insured apart from any statute." (Havighurst, *Some Aspects of the Illinois Insurance Code*, 32 Ill. L. Rev. 391, 413 (1937).) He added this observation:

"The reference to proceeds [in Section 238] is superfluous but undoubtedly harmless, since the exclusion of policies *payable to beneficiaries outside the designated class could hardly be regarded as making proceeds on such policies subject to creditor's claims*. The wording does not admit of the construction that proceeds of policies payable to the estate of the assured are exempt. The reference to proceeds was added on the demand of agents' organizations." (Emphasis added.) 32 Ill. L. Rev. at 413 n.125.

Even if we were to accept the petitioner's interpretation, her claim must fall. Her claim, it should be emphasized, is for expenses incurred by the administrator, the widow and child's awards and the widow's statutory share. This section of the statute refers to "debts or liabilities of the *insured*." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 73, par. 850.) The debts or liabilities for funeral expenses and costs of administration are not debts of the insured. Neither are the widow and child's awards; and neither is the widow's statutory share. They are debts of the estate. Section 2—1(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 2—1(a)) provides that the widow shall receive one-half of the "entire estate." Section 18—10 of the Act (Ill. Rev. Stat. 1987, ch. 110½, par. 18—10) specifi-

cally identifies the surviving spouse's or child's award as "claims against decedent's estate." It is obvious, therefore, that section 238 of the Insurance Code is of no support to the petitioner's claim.

It would serve no purpose to discuss at length the cases cited by the petitioner. None of them is apposite. *In re Schriar* (7th Cir. 1960), 284 F.2d 471, involved a creditor's right to reach the cash surrender value, not the proceeds, of a bankrupt's life insurance policy. *Montgomery v. Michaels* (1973), 54 Ill. 2d 532, 301 N.E.2d 465, involved Totten trusts, not an insurance policy. We note, moreover, that the holding of *Montgomery* has been modified by the legislature. Ill. Rev. Stat. 1987, ch. 110½, par. 601.

For these reasons, we judge that the circuit court properly denied the petitioner's claim; and the judgment of the circuit court is affirmed.

Judgment affirmed.

McNAMARA and LaPORTA, JJ., concur.