In re Robert C. HECK, Debtor.

Bankruptcy No. 96–73082.

United States Bankruptcy Court,
C.D. Illinois.

Sept. 9, 1997.

Denis A. McGrady, Jr., Gillespie, IL, for Debtor.

John L. Swartz, Springfield, IL, trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Debtor is entitled to claim as exempt a life insurance policy pursuant to 735 ILCS 5/12–1001(f).

The Debtor, Robert Heck, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on November 18, 1996. On June 30, 1997, the Debtor amended his schedule of exemptions to add a life insurance policy with the John Hancock Mutual Life Insurance Company. The Debtor claimed the exemption under 735 ILCS 5/12–1001(f). The

Trustee filed a timely objection on July 3, 1997.

735 ILCS 5/12–1001(f) provides that a debtor may claim an exemption in the following:

> All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not.

The insurance policy in question was a policy of insurance on the life of the Debtor. According to the issuer of the policy, the policy had a cash surrender value of $5,175.44 as of June 9, 1997. There is an outstanding loan against the balance of $134.48 plus interest of $10.39. The beneficiary of the policy is "Betty Heck—wife if living otherwise all children born of this marriage equally or the survivor".

The Trustee contacted the insurance company and was informed that Mr. Heck was divorced and the beneficiaries of the policy would be adult children. The Debtor's schedules indicate that he is single and does not have any dependents. The Debtor confirmed this information at the meeting of creditors.

The Trustee maintains that the Debtor may not claim the life insurance policy as exempt because he did not have a spouse, dependent children or parents, or other persons actually dependent upon him when he filed his bankruptcy petition. The Debtor maintains that it is not necessary under the exemption statute for his children or parents to be dependent on him in order for him to claim the exemption. The Debtor argues that the statute creates separate classes for spouses, children and parents, and other persons dependent on the insured.

The Seventh Circuit has held that exemption statutes should be liberally construed in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *In re Dealey,* 204 B.R. 17, 18 (Bankr.C.D.Ill.1997); *In re Jackson,* 95 B.R. 590, 593 (Bankr.C.D.Ill.1989).

Both parties have offered credible interpretations of the exemption statute. The Trustee argues that the Illinois General Assembly has required that life insurance benefits "be payable 'to' one class (spouses), and then has designated an alternate class by using the term 'or' followed by 'to' and the listing of the members of that class". The Trustee suggests that if the legislature intended to exempt all insurance policies payable to children or parents, then it would have drafted the exemption as "payable to a wife or husband of the insured, or to a child or parent, or to any other person dependent upon the insured" or "payable to a wife, husband, child or parent of the insured, or to any other person dependent upon the insured".

The Debtor argues that the word "dependent" is a qualifying word, and, under the rules of statutory construction, it is to be applied to the words or phrases immediately preceding it, and not extended to other words, phrases or clauses more remote, unless the intent of the legislature required such an extension. *In re Rhodes,* 147 B.R. 443, 446 (Bankr.N.D.Ill.1992). The Debtor further argues that it is significant that the legislature placed the disjunctive word "or" before the phrase "other person dependent", thereby separating "other person" from the rest of the sentence. Finally, the Debtor suggests that if the legislature intended for relatives of the debtor to be dependent as well as any other person, it would have placed its comma after person and before dependent, i.e., the statute would have read "payable to a wife or husband of the insured, or to a child, parent or other person, dependent upon the insured".

Determining the plain meaning of a statute is almost always a tricky procedure. As one commentator has observed, "Lawyers are paid to disagree; it is the very nature of our adversarial system. Five lawyers worth

their salt can come up with five different meanings for 'Mary had a little lamb' ". Palmer, What will *Dewsnup* Do to 1322(b)(2) Or The Lien Splitter Meets the Tin Woodman, NACTT Quarterly, Vol. 5, No. 3, p. 25 (April 1992). In this case, both parties maintain that the plain meaning of the statute supports their position and both parties have suggested alternate wording or punctuation which the legislature would or should have used if it intended the interpretation advanced by the other side.

■ Statutes should be construed to give them a reasonable meaning and to prevent an absurd result. *In re Rhodes, supra,* 147 B.R. at 446. The court believes that there is a fundamental difference in a debtor's relationship to a spouse, parent or child, and a debtor's relationship to an "other person". The family ties of a debtor to a spouse, parent or child limit the scope of the exemption. Clearly, there must be some sort of limitation on "other person" or the exemption would be so broad that it would be absurd. The Court believes that the qualifying language "dependent upon the insured" was intended by the legislature to modify "other person", not spouse, parent or child. This holding is consistent with the liberal construction of exemption statutes in favor of debtors mandated by the Seventh Circuit. *In re Barker, supra,* 768 F.2d at 196.

For the foregoing reasons, the Trustee's objection to the Debtor's claim of exemption in his life insurance policy is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that the Trustee's objection to the Debtor's claim of exemption in his life insurance policy be and is hereby denied.