In re Stephen W. BORNACK, Debtor.

Bankruptcy No. 97 B 37933.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 2, 1998.

the Universal Life Account and overrules the Trustee's objection thereto.

### I. *JURISDICTION AND PROCEDURE*

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E).

### II. *FACTS AND BACKGROUND*

The Debtor filed his Chapter 7 petition on December 10, 1997. Thereafter, the Trustee was appointed and the meeting of creditors pursuant to 11 U.S.C. § 341 was held and concluded. The Trustee contends that the Debtor failed to schedule and claim exempt two assets which are the subject of her instant turnover motion: a Preference Plus, Tax Market Account with MetLife worth approximately $5,624.47 (the "Preference Plus Account") and a multi-funded Universal Life Account with MetLife worth a cash surrender value of approximately $573.24 (the "Universal Life Account").

James L. Zukosky, Raleigh, Helms & Finks, Chicago, IL, Attorney for Movant/Trustee.

Jeffrey P. White, Barrington, IL, Attorney for Respondent.

Brenda Porter Helms, Raleigh, Helms & Finks, Chicago, IL, Trustee.

### *MEMORANDUM OPINION*

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion to compel turnover of assets filed by Brenda Porter Helms, as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Stephen W. Bornack ("Debtor") pursuant to 11 U.S.C. § 542 and the objection of the Debtor thereto claiming that those assets are exempt under 735 ILCS 5/12–1001(f). The Court grants in part the Trustee's motion for turnover as to the Preference Plus Account and denies the motion as to the other asset, the Universal Life Account. In addition, the Court overrules the Debtor's claim of exemption in the Preference Plus Account and sustains the Trustee's objection thereto, but allows the Debtor's claim of exemption as to

The Trustee filed the instant motion to compel turnover of assets, which the Court will also treat as an objection to exemptions, on August 5, 1998. On September 11, 1998, the Debtor filed an amendment to his scheduled exemptions wherein he listed the Universal Life Account for the first time. The Debtor responds that the Preference Plus Account was originally scheduled and claimed exempt under the generic description of "retirement account" which he believed had a value of $4,443.82 as of the date his petition. The Debtor points to the original and amended Schedule C which more particularly describes and values the asset. With regard to the Universal Life Account, the Debtor alleges that he was unaware that there was a life insurance policy distinct from the Preference Plus Account and therefore did not list it on his original Schedules, but has now listed and claimed it exempt on his amended Schedule C pursuant to 735 ILCS 5/12–1001(f). The Debtor's son, David Bornack, is the primary beneficiary on the Universal Life Account. He is a dependent of

the Debtor. The Preference Plus Account names Walter Bornack, the Debtor's father, as the successor beneficiary and the Debtor's son as the contingent successor beneficiary.

The Debtor further contends that the Preference Plus account is in fact an annuity. The Debtor asserts that although his father is not one of his dependents, his son is his dependent and therefore both the Preference Plus Account and the Universal Life Account are properly claimed exempt under 735 ILCS 5/12–1001(f). The Trustee replies that because the Debtor's father is admittedly not a dependent of the Debtor that the claim of exemption in the Preference Plus Account should be overruled.

## III. *DISCUSSION*

 Under the Bankruptcy Code, either the applicable state or the federal exemptions may be selected pursuant to 11 U.S.C. § 522 unless a state chooses to "opt out" of the federal exemption scheme. *See* 11 U.S.C. § 522(b)(1). The Illinois General Assembly "opted out" by enacting Ill.Rev.Stat. ch. 110, ¶ 12–1201, now recodified and cited as 735 ILCS 5/12–1201. Hence, Illinois debtors are required to use the exemptions provided by Illinois law. *In re Ball,* 201 B.R. 204, 206 (Bankr.N.D.Ill.1996). Illinois exemption statutes are to be interpreted liberally in favor of the debtor. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *Id.; In re Dealey,* 204 B.R. 17, 18 (Bankr.C.D.Ill.1997). The purpose of the exemption provision is to protect a debtor's fresh start in bankruptcy. *In re Wright,* 156 B.R. 549, 554 (Bankr.N.D.Ill. 1992).

 At issue before the Court is the interpretation and application of § 12–1001(f) which provides an exemption for:

All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts *payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured. . . .*

735 ILCS 5/12–1001(f) (emphasis supplied). This dispute arises over the emphasized clause in § 12–1001(f). At issue is whether the words "dependent upon the insured" modifies only "other person" or whether it also modifies "child" and "parent." Courts must presume that a legislature says in a statute what it means and means in a statute what it says there. *In re Lifschultz Fast Freight Corp.,* 63 F.3d 621, 628 (7th Cir.1995) (citation omitted). The starting point for interpreting a statute is the language of the statute itself. *Consumer Prod. Safety Comm. v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). Courts should view words not in isolation, but in the context of the terms that surround them. *In re Merchants Grain, Inc.,* 93 F.3d 1347, 1354 (7th Cir.1996). Effect should be given, if possible, to each word, clause and sentence.

Several courts have addressed this issue with varying results. The Seventh Circuit in *In re Schriar,* 284 F.2d 471 (7th Cir.1960) stated in interpreting language employed in the former version of the Illinois insurance exemption statute, Ill.Rev.Stat. ch. 73, ¶ 850 (1959), identical to the statute at issue that:

The legislature used the words "or *other* person dependent upon the insured," not just or person dependent upon the insured. The word "other" cannot be discarded. The legislature clearly anticipated that child and parent were in the same class as "other person dependent upon the insured." The legislature must have intended that "*dependent upon the insured*" should modify child and parent, as well as "other person." Furthermore, this interpretation gives effect to the chief objectives of the exemptions laws, in that it protects the debtor in his subsistence, his family to whom he is obligated to support, and the public. Interpreting this statute liberally neither requires nor permits us to read into the statute that a beneficiary may be an adult son or daughter not dependent upon the debtor, where such meaning is simply not there.

*Id.* at 474 (emphasis in original). Recently, Chief Judge William V. Altenberger in *In re*

*Sommer,* No. 97–83148, slip op. (Bankr. C.D.Ill. March 13, 1998) also held that § 12–1001(f) is based upon a dependency requirement. Specifically, Judge Altenberger noted:

> The provision is clearly based upon a dependency requirement. In the situation of a husband and a wife, it is a given that there is a mutual dependency and there was no need for the Illinois legislature to add that requirement to the provision in so many words. As to the relationship between parents and a child, at some point there is normally an emancipation, where the child begins to live an economically independent life. There would be no need to protect insurance proceeds in such a situation. It is only where the parent or the child is a dependent, similar to another class of relative or friend, who is dependent on the insured, that protection of insurance proceeds makes sense under the exemption provision.

*Id.* at p. 7. *Sommer* followed *In re Rigdon,* 133 B.R. 460 (Bankr.S.D.Ill.1991) in employing such statutory construction.

The other construction, as urged here by the Debtor, was adopted by Judge Larry L. Lessen in *In re Heck,* 212 B.R. 314 (Bankr. C.D.Ill.1997). He held that the phrase "dependent upon the insured" as used in § 12–1001(f) modified only the words "other person" and did not require the children designated as beneficiaries of the debtor's life insurance policy also be dependent upon the debtor. Specifically, the court noted that "the qualifying language 'dependent upon the insured' was intended by the legislature to modify 'other person,' not spouse, parent or child. This holding is consistent with the liberal construction of exemption statutes in favor of debtors...." *Id.* at 316. *Heck* did not refer to the *Schriar* holding but, rather, stated that there was a fundamental difference in a debtor's relationship to a spouse, parent or child, and a debtor's relationship to an "other person." *Id.* In addition, the *Heck* court opined that the family ties of a debtor to a spouse, parent or child limit the scope of the exemption. *Id. Heck* found that there must be some limitation on "other per-

son" or the exemption would be so broad that it would be absurd. *Id.*

The Court agrees with and is bound by the compelling reasoning of the Seventh Circuit in *Schriar* and thus follows the result reached there and in *Sommer* and *Rigdon.* The Court respectfully declines to follow *Heck.* The Court holds that the phrase "dependent upon the insured" modifies child, parent and other person. Thus, § 12–1001(f) imposes a dependency requirement on all those classes of people. Admittedly, the Debtor's father is not dependent upon the insured Debtor. Consequently, the Court sustains the Trustee's objection to the Debtor's claim of exemption in the Preference Plus Account and grants the Trustee's motion for turnover. The Debtor's non-dependent father is the principal beneficiary of this asset. The fact that the Debtor's dependent son is the contingent beneficiary does not obviate the fact that the principal beneficiary is not a dependent of the Debtor. The dependent contingent beneficiary's interests under the terms of the insurance contract only receive benefits if the non-dependent beneficiary dies first, which has not occurred here. Thus, that asset is not properly claimed exempt. The Court denies the Trustee's motion for turnover as to the Universal Life Account because the Debtor's son is a dependent of the Debtor and the sole beneficiary thereof in the event of the Debtor's demise.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby grants in part the Trustee's motion for turnover as to the Preference Plus Account and denies the motion as to the Universal Life Account. In addition, the Court overrules the Debtor's claim of exemption in the Preference Plus Account and sustains the Trustee's objection thereto, but allows the Debtor's claim of exemption as to the Universal Life Account and overrules the Trustee's objection thereto.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be

entered pursuant to Federal Rule of Bankruptcy Procedure 9021.