In re Margaret M. McLAREN, Debtor.

In re Zachary J. WHEELER, Debtor.

Bankruptcy Nos. 98–41310, 98–41326.

United States Bankruptcy Court,
S.D. Illinois.

Dec. 14, 1998.

Michelle Vieira, Trustee, Carbondale, IL, for trustee.

Terry Sharp, Mt. Vernon, IL, for debtor McLaren.

Edw. Eytalis, Carterville, IL, for debtor Wheeler.

*OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

The trustee in both of these cases objects to the debtor's claim of exemption in life insurance policies made payable to a non-dependent family member of the debtor. In *McLaren*,[1] an adult daughter is the beneficiary of the debtor's insurance policies, while, in *Wheeler*, the beneficiary is the debtor's father. Both debtors acknowledge that the designated beneficiaries are not dependent on them.

The debtors claim their respective exemptions under 735 Ill.Comp.Stat. 5/12-1001(f), which exempts the cash value of life insurance policies made payable "to a wife or husband of the insured, *or to a child, parent, or other person dependent upon the insured* [.]" (Emphasis added). The trustee contends that the phrase "child, parent, or other person dependent upon the insured" must be read as a unit so that "dependent upon the insured" modifies *not only* "other person" but *also* "child" and "parent." Under this reading, the exemption applies only if the child or parent beneficiary is, in fact, dependent on the insured. Since, in the present case, the beneficiaries are not dependent on the debtor-insureds, the trustee maintains that the debtors may not claim the insurance policies as exempt under § 12-1001(f).

The debtors argue, to the contrary, that the statute exempts policies made payable to a child or parent of the insured, whether or not such family member is dependent on the debtor-insured, and that a showing of dependency is required only for "other person[s]" not referred to in the statute. In support, the debtors cite the case of *In re Heck*, 212 B.R. 314, 316 (Bankr.C.D.Ill.1997), where the court, addressing whether insurance policies made payable to the debtor's adult children were exempt under § 12-1001(f), held that the qualifying language "dependent upon the insured" was intended by the legislature to

modify "other person," and not spouse, parent or child. The *Heck* court, noting that § 12-1001(f) was susceptible of interpretation both in favor of and against the debtor, found that its holding was consistent with the Seventh Circuit's directive that exemption statutes be liberally construed in favor of the debtor. *Id.* (citing *In re Barker*, 768 F.2d 191, 196 (7th Cir.1985)). The court, accordingly, allowed the debtor's claim of exemption under § 12-1001(f).

This Court, while agreeing with the *Heck* court that the language of § 12-1001(f) is ambiguous and susceptible of more than one interpretation, disagrees that the rules of statutory construction require that it be read as exempting policies made payable to a child or parent regardless of dependency on the debtor-insured. As set forth in *Barker*, the primary goal of statutory construction is to ascertain and effectuate the legislature's intent. *Barker*, 768 F.2d at 194 (citing *In re Marriage of Logston*, 103 Ill.2d 266, 277, 82 Ill.Dec. 633, 469 N.E.2d 167, 171 (1984)). When a statute's language is clear, a court should give effect to that language without resort to extrinsic aids for construction. When, however, a statute is subject to more than one interpretation, the court must look to other sources for aid in determining legislative intent. These sources include the legislative history of the statute, as well as the reason for its enactment, the circumstances leading to its adoption, and the ends the legislature wished to achieve. *Barker*, at 194–95; *Logston*, 103 Ill.2d 266, 82 Ill.Dec. 633, 638, 469 N.E.2d 167, 172.

The legislative history of § 12-1001(f)[2] demonstrates that it was enacted in 1982 as part of the legislature's effort to update and expand Illinois exemption law following passage of the Bankruptcy Reform Act of 1978, which granted federal bankruptcy exemptions to individual debtors (*see* 11 U.S.C. § 522(d) (1982)). *Logston*, 82 Ill.Dec. 633, 469

---

1. The facts in each case are undisputed.

2. As noted above, § 12-1001(f) provides an exemption for:

   (f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment

policies and annuity contracts payable to a wife or husband of the insured, *or to a child, parent, or other person dependent upon the insured* . . . .

735 Ill.Comp.Stat. 5/12-1001(f) (1996) (emphasis added).

N.E.2d at 173–74. Illinois was one of the states that "opted out" of the federal exemption scheme, thereby limiting its residents to the exemptions afforded under state law. *See* 735 Ill.Comp.Stat. 5/12–1201. In conjunction with this action, the legislature substantially increased the exemptions available to Illinois debtors, *see* 735 Ill.Comp.Stat. 5/12–1001,[3] adding, among other things, the exemption provision of § 12–1001(f) for life insurance policies made payable to designated beneficiaries. *Logston; see also In re Bateman,* 157 B.R. 635, 640 (Bankr.N.D.Ill. 1993).

The provision that became § 12–1001(f) in the new personal property exemption statute was not, however, new to Illinois statutory law. Rather, this same exemption had been in effect in Illinois since 1937 as part of the Illinois Insurance Code. *See* 215 Ill.Comp. Stat. § 5/1 *et seq.* Section 238 of the Insurance Code contains language identical to that at issue in the present case, exempting:

> [a]ll proceeds payable because of the death of the insured and the aggregate net cash value of any or all life and endowment policies and annuity contracts payable to a wife or husband of the insured, *or to a child, parent or other person dependent upon the insured* . . . .

215 Ill.Comp.Stat. 5/238 (emphasis added). Thus, this exemption existed as part of the total exemption scheme in Illinois prior to its enactment, in 1982, as one of the personal property exemptions of § 12–1001.

■ Significantly, at the time § 12–1001(f) became law, the language at issue in the present case, which mirrors that in § 238 of the Insurance Code,[4] had already been examined and interpreted by the Seventh Circuit Court of Appeals in the case of *In re Schriar,* 284 F.2d 471 (7th Cir.1960). As a matter of statutory construction, when the legislature adopts the wording of a statute previously construed by the courts, it can be considered to have adopted the meaning given that wording. *See* 34 Ill. L. & Prac. *Statutes,*

§ 131 (1958 & Supp.1998). In this case, the Illinois legislature, in restating almost verbatim the wording of § 238 in the exemption provision of § 12–1001(f), is presumed to have been aware of the construction previously given that language and to have adopted that meaning as its own. *See Haymes v. Catholic Bishop of Chicago,* 33 Ill.2d 425, 428, 211 N.E.2d 690, 692 (1965); *Frowner v. Chicago Transit Authority,* 25 Ill.App.2d 312, 317–18, 167 N.E.2d 26, 29–30 (1960). This Court, accordingly, finds *Schriar* determinative concerning the scope of the exemption at issue and follows its ruling as evidence of the legislative intent in enacting § 12–1001(f).[5] *See also In re Rigdon,* 133 B.R. 460, 462 (Bankr.S.D.Ill.1991).

In *Schriar,* the Court of Appeals addressed whether a debtor could claim as exempt the cash surrender value of life insurance policies made payable to his non-dependent adult children. The court, following the "cardinal rule" of statutory construction that "effect should be given, if possible, to each word, clause and sentence" of a statute, reasoned:

> The instant statute limits the beneficiaries "to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured." The legislature used the words "or other person dependent upon the insured," not just ["]or person dependent upon the insured.["] *The word "other" cannot be discarded.* The legislature clearly anticipated that child and parent were in the same class as "other person dependent upon the insured." The legislature must have intended that "dependent upon the insured" should modify child and parent, as well as "other person."

*Schriar,* 284 F.2d at 474 (emphasis added). The *Schriar* court ruled, accordingly, that the exemption did not apply to life insurance policies made payable to non-dependent, adult children of the debtor.

---

3. Section 12–1001 was originally enacted as part of the Illinois Code of Civil Procedure at Ill.Rev. Stat.1982, ch. 110, ¶ 12–1001. This provision was subsequently recodified as 735 Ill.Comp. Stat. 5/12–1001 (1992).

4. Section 238 of the Insurance Code was formerly codified at Ill.Rev.Stat. ch. 73, ¶ 850.

5. The *Heck* court, inexplicably, made no mention of the Seventh Circuit's opinion in *Schriar.*

While this interpretation limiting the exemption to cases involving dependent children or parents would seem to be a strict, rather than liberal, construction of the statute, it effectively furthers the goals of exemption law in that it protects "the debtor in his subsistence, [the debtor's] family [whom] he is obligated to support, and the public." *Schriar*, at 474. Courts have generally construed exemption statutes liberally in favor of the debtor, reasoning that the legislature intended thereby to protect and benefit the debtor. *Logston*, 82 Ill.Dec. 633, 469 N.E.2d at 172–73. However, this rule does not give carte blanche to the debtor; rather, it requires that an exemption be interpreted "to protect 'those for whose benefit it is enacted.'" *Schriar*, at 473 (citing *In re Fogel*, 164 F.2d 214, 216 (7th Cir.1947)). Historically, exemption statutes for life insurance policies were enacted, like other exemption statutes, out of a desire to protect families from the improvidence of the head of the household. *See generally* Robert J. Demichelis, *The Rights of Creditors in Life Insurance Policies*, 1964 Univ.Ill.Law Forum 592, 599–600. Regarding the present exemption for life insurance policies, therefore, a liberal interpretation "neither requires nor permits [the court] to read into the statute that a beneficiary may be an adult son or daughter not dependent upon the debtor, where such meaning is simply not there." *Schriar*.

This reading of § 238 and, by implication, § 12–1001(f) as imposing a dependency requirement where a child or parent is concerned not only effectuates the legislative purpose but is logically consistent. The relationship between a child and parent is unlike that between a husband and wife, where a mutual dependency is presumed and the exemption for life insurance proceeds may be granted without an additional showing of dependency. Where a child and parent are concerned, however, at some point emancipation normally occurs, and the child begins to live an economically independent life. In that instance, the child would have no need for the parent's insurance proceeds to provide for his or her well-being, and the policy of the exemption statute would not be served if the exemption were allowed. Similarly, since a parent is not normally dependent on his or her child, an automatic exemption for proceeds of an insurance policy would be contrary to the policy of exemption law. However, if such child or parent were a dependent, it would make sense to protect insurance proceeds just as in the case of another class of relative or friend who is dependent on the debtor-insured. *See In re Bornack*, 227 B.R. 144, 146–47 (Bankr. N.D.Ill.1998); *In re Sommer*, No. 97–83148, slip op. at 7 (Bankr.C.D.Ill. March 13, 1998).

Based on this reasoning, the Court finds that the life insurance policies in the present cases do not qualify for the exemption of § 12–1001(f) in that they are payable to a non-dependent child and parent of the debtors, respectively. Accordingly, the Court will sustain the trustee's objection to the debtor's claim of exemption in each case.