**In re Perry C. DeROSEAR, Marcia D. DeRosear, Debtors.**

No. 00–73091.

United States Bankruptcy Court, C.D. Illinois.

March 12, 2001.

Patrick J. Smith, Springfield, IL, for Debtors.

John L. Swartz, Springfield, IL, Chapter 7 Trustee.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Debtors may claim three life insurance policies which insured the lives of Debtors' adult children as exempt pursuant to 735 ILCS 5/12–1001(f).

The Debtors, Perry and Marcia DeRosear, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on October 3, 2000. At the time of the filing, Mr. DeRosear owned three policies of life insurance which insured the lives of his adult children, Gina DeRosear (age 19), Corey DeRosear (age 23), and Jason DeRosear (age 24). The three policies were issued by State Farm Insurance Company, and the policies are designated CO702–00, CO705–06, and C0486–25. Current statements show accumulated dividends available for distribution. The beneficiary of the policies is, first, Mr. DeRosear, and second, Mrs. DeRosear, the parents of the insureds.

The Debtors do not claim their children as dependents. In addition, their bankruptcy schedules I & J show that the Debtors do not receive income from their children. The Debtors concede that they are not dependent upon their children for their support.

The Debtors listed the three State Farm life insurance policies in their Amended Schedule B—Personal Property, and they claimed them as exempt pursuant to 735 ILCS 5/12–1001(f) in their Amended Schedule C—Property Claimed as Exempt. The Trustee filed an objection to the claimed exemptions, and a hearing was held on the matter. Both parties have filed briefs in support of their respective positions.

735 ILCS 5/12–1001(f) provides that a debtor may claim an exemption in the following:

All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not.

At issue in this proceeding is the aggregate net cash value of the three life insurance policies payable to a "parent, or other person dependent upon the insured". The Trustee argues that the exemption under § 12–1001(f) is not available to the Debtors because they are not dependent upon the insured, i.e. their three children. The Debtors argue that the dependency requirement does not apply to parents.

The Debtors' position is supported by this Court's opinion in *In re Heck*, 212

B.R. 314 (Bankr.C.D.Ill.1997) where this Court held that the phrase "dependent upon the insured" only modified the words "other person" and did not require that the children designated as beneficiaries of the life insurance policy also be dependent upon the debtor. The Court relied on a liberal construction of the exemption statutes and a fundamental difference in a debtor's relationship to a spouse, parent, or child, and a debtor's relationship to an "other person". The Court found that the family ties of a debtor to a spouse, parent, or child limited the scope of the exemption, but that a dependency requirement was needed for "other person" or the exemption would be so broad that it would be absurd. 212 B.R. at 316. *Accord In re Shaffer,* 228 B.R. 892, 894–95 (Bankr. N.D.Ohio 1998).

*Heck* has not been followed in the Northern, Central, or Southern Districts of Illinois. *In re Bornack,* 227 B.R. 144 (Bankr.N.D.Ill.1998); *In re Sommer,* 228 B.R. 674 (Bankr.C.D.Ill.1998); *In re McLaren,* 227 B.R. 810 (Bankr.S.D.Ill. 1998). These cases rely on the Seventh Circuit's opinion in *In re Schriar,* 284 F.2d 471 (7th Cir.1960), where the court stated that in interpreting language employed in a former version of the Illinois insurance exemption statute identical to the language in this case:

> The legislature used the words "or *other* person dependent upon the insured," not just or person dependent upon the insured. The word "other" cannot be discarded. The legislature clearly anticipated that child and parent were in the same class as "other person dependent upon the insured." The legislature must have intended that "dependent upon the insured" should modify child and parent, as well as "other person." Furthermore, this interpretation gives effect to the chief objectives of the exemptions laws, in that it protects the debtor in his subsistence, his family to whom he is obligated to support, and the public. Interpreting this statute liberally neither requires nor permits us to read into the statute that a beneficiary may be an adult son or daughter not dependent upon the debtor, where such meaning is simply not there.

*Id.* at 474 (emphasis in original).

The Debtors argue that the facts in this case are distinguishable from *Schriar, Bornack, Sommer,* and *McLaren* because in those cases the policy of insurance was payable to a person other than the debtor. In *Schriar,* the beneficiaries of the life insurance policies were the debtor's two adult sons and his married daughter. 284 F.2d at 471. In *Bornack,* the beneficiaries of the two policies were the debtor's dependent son and non-dependent father. 227 B.R. at 145–46. In *Sommer,* the life insurance was payable to the debtor's father. 228 B.R. at 675. In *McLaren,* the policies were payable to the debtor's father and daughter. 227 B.R. at 811. In this proceeding, the beneficiaries are the Debtors. While the Debtors are correct in noting this factual difference, they have failed to show how this distinction mandates a different result. The decisions in *Schriar, Bornack, Sommer,* and *McLaren* did not turn on whether the debtor was a beneficiary of the life insurance policies. Instead, they focused on the specific language of § 12–1001(f), and they determined that the proceeds or aggregate net cash value of a life insurance policy payable to a "child, parent or other person" were exempt only if those persons were dependent upon the insured. Whether the debtor owned or was the beneficiary of the life insurance policy was not relevant to the courts' holdings.

The Court has reconsidered its opinion in *Heck* in light of *Schriar* and the subsequent bankruptcy opinions on this issue, and the Court now holds that the phrase "dependent upon the insured" modifies the words "child, parent, or other person". Therefore, § 12–1001(f) imposes a dependency requirement on all of those classes of people. Because the Debtors admit that they are not dependent upon their

insured children, they are not eligible for the exemption in § 12–1001(f).

For the foregoing reasons, the Trustee's Objection to the Debtors' Claim of Exemption is sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.