**In re Kathi Lee GRACE, Debtor.**

**No. 01–41869.**

United States Bankruptcy Court, S.D. Illinois.

Jan. 31, 2002.

Michelle Vieira, Carbondale, IL, for Petitioner or Movant.

Douglas Antonik, Mt. Vernon, IL, for Debtors/Respondent.

*OPINION*

KENNETH J. MEYERS, Bankruptcy Judge.

The Chapter 7 trustee in this case seeks turnover of the cash surrender value of the debtor's life insurance policies, which the debtor claims as exempt under 735 Ill.

Comp. Stat. 5/12–1001(f). At issue is whether the debtor's 20–year–old son, who is the beneficiary of the policies, is "dependent upon the insured" within meaning of the statute so as to entitle his mother, the debtor, to her claimed exemption in the life insurance policies.

Section 12–1001(f), applicable in this case, provides an exemption for:

(f) All proceeds payable because of the death of the insured and *the aggregate cash value of any or all life insurance* ... policies ... payable to a wife or husband of the insured, or *to a child,* parent, or other person *dependent upon the insured* ....

735 Ill. Comp. Stat. 5/12–1001(f) (emphasis added).

This Court, like others, has determined that the phrase "dependent upon the insured" modifies "child" and "parent," as well as "other person," so as to require a showing that such child or parent is dependent upon the insured-debtor. *See In re McLaren,* 227 B.R. 810, 813 (Bankr. S.D.Ill.1998); *In re Rigdon,* 133 B.R. 460, 462 n. 4 (Bankr.S.D.Ill.1991); *see also In re Bornack,* 227 B.R. 144, 147 (Bankr. N.D.Ill.1998); *In re Sommer,* 228 B.R. 674, 677–78 (Bankr.C.D.Ill.1998).[1] Thus, in this case, the debtor is entitled to her claimed exemption only if the Court finds that her son is "dependent" as required by the statute.

It is undisputed that at the time of her bankruptcy filing on August 24, 2001, the debtor's son was enrolled as a full-time student at Western Kentucky Technical College in Paducah, Kentucky. He worked part-time at a Ponderosa restaurant in Metropolis, Illinois, where he earned $5.25 per hour. He lived in an apartment in Paducah with two friends

1. *See also In re DeRosear,* 259 B.R. 320, 322 (Bankr.C.D.Ill.2001), in which the court reconsidered its earlier ruling in *In re Heck,* 212 B.R. 314, 316 (Bankr.C.D.Ill.1997), and held that the phrase "dependent upon the insured" modifies the words "child, parent, or other person."

and paid his own rent of $100 per month. He had dinner at his mother's home in Metropolis a couple of nights per week, and the debtor did his laundry for him. The debtor gave her son gas money, and the debtor and her ex-husband split the costs of her son's tuition and books.

Prior to August 2001, the debtor's son lived with her except for a three-month period when he lived with his father. After moving back in with the debtor, he lived with her until he left to attend college in August 2001. Two and a half months later, the debtor's son became ill and moved back home with his mother. The debtor stated that, although her son did not reside with her on the date she filed her petition, "realistically, he was a dependent."

■■■ Neither the Illinois statute nor the Bankruptcy Code define "dependent" as used in the exemption provision at issue. In *In re Rigdon*, 133 B.R. 460 (Bankr.S.D.Ill.1991), this Court examined various formulations of the concept of dependency and concluded that, for purposes of determining eligibility under § 12–1001(f), a dependent is "an individual who is supported financially, either directly or indirectly by another, and who reasonably relies on such support." *Id.* at 465; *see also In re Gonzales*, 157 B.R. 604, 609 (Bankr.E.D.Mich.1993) (adopting *Rigdon* definition of "dependency" as the majority view).[2] This is a broad definition, and a court must, therefore, make a factual finding of dependency in each case based on the evidence presented.[3] *Id.*

■■■ The facts in this case indicate that while the debtor's son was not living at home with the debtor on the date she

filed her bankruptcy petition, he was still dependent on her as he pursued his college education. The debtor provided financial support along with her ex-husband for her son's college expenses, and she subsidized his expenditures for food and transportation. Although the debtor's son obtained funds from other sources, including his own part-time job, the accepted definition of "dependency" does not require that the debtor be her son's sole means of support for him to qualify as a "dependent." Moreover, while the debtor's son had attained the age of majority and was not legally entitled to support from the debtor, the existence of a legal obligation of support is not a hallmark in determining "dependency." *See Gonzales*, 157 B.R. 604, 610. Rather, it is commonly understood in present-day society that a child between the ages of 19 to 21 years of age who is pursuing an undergraduate degree is still his or her parents' "dependent." *Id.*

■■■ A debtor's eligibility for exemptions under the Bankruptcy Code is determined as of the date of filing the petition. In this case, the Court finds that the facts are sufficient to show that, as of the date of filing her petition, the debtor's son was "dependent" on her as required by the exemption provision of § 12–1001(f). The Court, accordingly, holds that the debtor is entitled to exempt the cash surrender value of her life insurance policies, and the Court will deny the trustee's motion for turnover on this basis.

---

**2.** In *Gonzales*, the court applied the *Rigdon* definition of "dependency" in determining compliance with the disposable income test of 11 U.S.C. § 1325(b).

**3.** Rules of construction require that exemption statutes be liberally construed in favor of the debtor to effectuate the statutory purpose of providing the debtor enough income to subsist and obtain a fresh start after bankruptcy. *Rigdon*, 133 B.R. 460, 465.