**In re Clarence E. BUNTING and Joyce L. Bunting, Debtors.**

No. 04–81041.

United States Bankruptcy Court, C.D. Illinois.

March 14, 2005.

Bruce A. Buckrop, Rock Island, IL, Attorney for Debtors.

Richard E. Barber, Galesburg, IL, Chapter 7 Trustee.

## OPINION

THOMAS L. PERKINS, Bankruptcy Judge.

This matter is before the Court on an Objection filed by the Chapter 7 Trustee, Richard E. Barber (TRUSTEE), to a claim of exemption in insurance payments due

one of the Debtors, Clarence E. Bunting (DEBTOR), on account of the death of his mother. At the time of her death, which occurred prepetition, the DEBTOR'S mother owned an insurance plan that provided for the death benefit to be paid out in monthly payments of $1,000.00. The DEBTOR and his sister were named as co-beneficiaries, each entitled to receive $500.00 per month. When the bankruptcy case was filed on March 8, 2004, twenty-four monthly payments were still due the DEBTOR from the insurance company before the death benefit would be fully paid.

The DEBTOR listed the future payments on his schedule of personal property and claimed the full value exempt under 735 ILCS 5/12–1001(f).[1] The TRUSTEE filed a timely objection contending that the exemption in life insurance provided by Section 12–1001(f) is available to a child of the insured only if the child is "dependent upon the insured." The DEBTOR does not dispute that he was not dependent upon his mother at any time relevant to the issue before the Court. The issue is whether the statute imposes a dependency requirement where the recipient of life insurance proceeds is someone other than the spouse of the insured.

Referring to both policy proceeds and cash value, the exemption statute in question provides as follows:

All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not.

735 ILCS 5/12–1001(f).

In *In re Ashley*, 317 B.R. 352 (Bankr. C.D.Ill.2004), this Court held that a wife's interest in life insurance proceeds payable because of the death of her husband, was fully exempt, without regard to dependency or need, pursuant to Section 12–1001(f), notwithstanding the alternative exemption for life insurance proceeds in Section 12–1001(h)(3). An issue not addressed in *Ashley* was the application of Section 12–1001(f) where the beneficiary was not the spouse of the insured. 317 B.R. at 355, n. 1. That issue, previously deferred, must now be tackled.

It is well settled that the statutory phrase "dependent upon the insured" modifies each of the terms contained in the immediately preceding sequence: "child, parent, or other person." *In re Grace*, 273 B.R. 570 (Bankr.S.D.Ill.2002) (Meyers, J.); *In re DeRosear*, 259 B.R. 320 (Bankr. C.D.Ill.2001) (Lessen, J.); *In re Sommer*, 228 B.R. 674 (Bankr.C.D.Ill.1998) (Altenberger, J.); *In re Bornack*, 227 B.R. 144 (Bankr.N.D.Ill.1998) (Squires, J.).[2] Thus, where a dependent child is named as beneficiary of a life insurance policy owned by a debtor, the policy's cash value is exempt. *Grace; Bornack.* But where nondependent adult children are named as beneficiaries, the cash value is not exempt. *DeRo-*

---

1. Illinois has opted out of the federal exemption scheme and requires bankruptcy debtors to use only those exemptions available under Illinois law. 735 ILCS 5/12–1201.

2. The genesis for this construction is the Seventh Circuit's decision in *In re Schriar*, 284 F.2d 471 (7th Cir.1960). There, the court resolved the same issue as to the construction of a similar exemption provision of the Illinois Insurance Code, 215 ILCS 5/238(a). That Illinois Insurance Code provision was transplanted, in substantial part, into the Personal Property Exemption Law in 1982. *See, Ashley*, 317 B.R. at 357–58.

sear; *In re McLaren*, 227 B.R. 810 (Bankr.S.D.Ill.1998). Likewise, where a nondependent parent is named as a beneficiary, the cash value is not exempt. *Sommer; McLaren.*

These cases all deal with the question of the exemptability of the cash value of a life insurance policy owned by the person claiming the exemption whose life is insured. The more difficult question is the exemptability of the policy proceeds when the exemption is claimed by a beneficiary who is not the insured-decedent's spouse. The difficulty flows from the fact that the statute is susceptible to alternative interpretations that are contradictory with respect to whether the dependency requirement was intended to apply to the beneficiary's interest in proceeds as well as to the insured's interest in the cash value.

One way to characterize the issue is to ask whether the phrase "All proceeds payable because of the death of the insured" is a stand-alone exemption, complete and unconditional. In this Court's view, that is one fair reading of Section 12–1001(f). Alternatively, it is also fair to apply to that initial phrase, the same modifiers that have been uniformly applied to the cash value exemption. If the stand-alone interpretation is correct, life insurance proceeds claimed exempt by a beneficiary would always be fully exempt, regardless of how or even whether the insured and the beneficiary were related, and regardless of whether or not the beneficiary was "dependent upon the insured." Alternatively, if the same modifiers apply to proceeds as to cash value, a nonspousal beneficiary's ability to exempt proceeds would

be subject to the strict condition of proving dependency upon the insured.[3]

The only reported opinion that applies Section 12–1001(f) in the context of a claim of exemption in proceeds by a beneficiary who was not married to the insured is *In re Rigdon*, 133 B.R. 460 (Bankr.S.D.Ill. 1991), where the debtors claimed the exemption in an annuity contract payable because of the death of their son. Without analysis, the court applied the dependency condition to the debtor-parents' claim of exemption in the proceeds. Even though the son was a minor at the time of his death, the court determined that the debtor-parents were entitled to the opportunity to present evidence that they were "dependent" on their son at the time of his death.

■ This Court is of the opinion that the result reached in *Rigdon* is correct as a matter of statutory interpretation. Statutory interpretation requires the consideration of both textual and contextual evidence. *Matter of Handy Andy Home Improvement Centers, Inc.*, 144 F.3d 1125, 1128 (7th Cir.1998). Although the phrase "All proceeds payable because of the death of the insured" could be read as a stand-alone provision because it deals with policy proceeds while the succeeding phrase deals with cash value, the following factors militate against such a construction:

1. The "All proceeds" phrase could have been set apart as a separate paragraph by the Legislature. Instead, it is part of a single-subject paragraph addressing life insurance.

2. The "All proceeds" phrase is not set apart from the balance of Section 12–1001(f) by any punctuation.

---

**3.** As this Court recognized in *Ashley*, there does not appear to be any question that where the policy proceeds are "payable to a wife or husband of the insured," the cash value and the proceeds are exempt without regard to whether the wife or husband is actually "dependent upon the insured." No reported case holds to the contrary.

3. The "All proceeds" phrase is incomplete as a stand-alone sentence and reading it as an independent provision begs the question: proceeds of what? The contextual answer to that question is found in the subsequent description of "any or all life insurance and endowment policies and annuity contracts." Reading the paragraph as a unified whole eliminates that vagueness.

4. There is no punctuation whatsoever between the "All proceeds" phrase and the beginning of the modifier phrase: "payable to a wife or husband of the insured...." The lack of punctuation indicates that the modifier should apply to both subjects (proceeds and cash value) that precede the modifier in the same sentence.

5. Applying the dependency condition to nonspousal beneficiaries who claim an exemption in proceeds is more consistent with the intent expressed by the Legislature in another subsection of the same statute: Section 12–1001(h)(3), providing an exemption for the debtor's right to receive "a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor or a dependent of the debtor." 735 ILCS 5/12–1001(h)(3).

6. Applying the dependency modifier to a nonspousal beneficiary's interest in proceeds is not irrational from a policy perspective. It would be understandable for the Legislature to distinguish between a spousal and a non-spousal beneficiary, recognizing that the loss of one's spouse is devastating emotionally and often financially. Thus, a widow or widower might be allowed to retain life insurance proceeds as exempt in all circumstances, whereas other, more remote beneficiaries would have to show that they were dependent upon the deceased.[4]

■ For these reasons, the Court concludes that the dependency condition embodied in the phrase "payable ... to a child, parent, or other person dependent upon the insured" modifies the prior phrase "All proceeds payable because of the death of the insured" in Section 12–1001(f). Accordingly, in order for a beneficiary who is not the spouse of the insured to have an allowed exemption in the proceeds from any "life insurance and endowment policies and annuity contracts," the beneficiary must be "dependent upon the insured." This state of dependency must exist as of the insured's death. *Rigdon,* 133 B.R. at 467. A "dependent" is an individual who is supported financially, either directly or indirectly by another, and who reasonably relies on such support. *Rigdon,* 133 B.R. at 465.

---

**4.** There is no evidence that such a policy motivated the Legislature. In fact, there is some evidence that the "All proceeds" phrase was included in the Insurance Code Exemption from which Section 12–1001(f) is derived, not to implement a reasoned policy goal, but at the behest of the insurance agents' lobby, and was thought by the drafters to be superfluous. *Estate of Grigg,* 189 Ill. App.3d 5, 8, 136 Ill.Dec. 636, 637, 545 N.E.2d 160, 161 (Ill.App. 1 Dist.1989). This Court is of the view that the interpretation of Section 12–1001(f) adopted herein reflects, at least in theory, a rational policy and cannot be considered to be the kind of absurd result that is to be avoided when construing a statute. *See, e.g., U.S. v. American Trucking Ass'ns, Inc.,* 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940).

Because the DEBTOR is the son of the deceased insured, he is entitled to exempt the insurance proceeds under Section 12–1001(f) only if he was "dependent" upon his mother at the time of her death. The DEBTOR having conceded that he was not dependent upon his mother, there is no question of fact for trial, and the claim of exemption must be denied.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

## ORDER

For the reasons stated in an Opinion filed this day, IT IS HEREBY ORDERED that the Trustee's Objection to Claim of Exemption is GRANTED and the Debtor's claim of exemption in the life insurance benefits payable to Clarence E. Bunting is DENIED.