**In re Janet K. COLLOPY, Debtor.**

**Bankruptcy No. 1–88–04211.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

May 8, 1989.

Richard D. Nelson, Cincinnati, Ohio, for debtor.

Thomas J. Geygan, Cincinnati, Ohio, Trustee.

Charles M. Caldwell, Cincinnati, Ohio, Asst. U.S. Trustee.

## DECISION and ORDER

BURTON PERLMAN, Chief Judge.

This contested matter arises in a Chapter 7 consumer case. At hand is an objection by the trustee to an exemption claimed by the debtor under the exemption laws of Ohio, Ohio having pursuant to 11 U.S.C. § 522(b)(1), opted out of the federal exemption statute.

In her Schedule B–2, debtor listed a life insurance policy of which her mother is the beneficiary, having a cash surrender value of $713.97. In Schedule B–4, debtor claims that such cash surrender value is exempt under ORC § 2329.66(A)(6)(b). That exemption statute refers to ORC § 3911.10 which exempts from claims of creditors of the insured person, any policy in which the beneficiary is "any relative dependent upon such person."

The trustee objected to the exemption "for the reason that the beneficiary of said life insurance policy is not dependent upon debtor."

The matter came on for hearing. While no testimony was adduced, counsel agreed to the facts that debtor's mother is not financially dependent upon her, though her mother resides with her. Indeed, the financial contribution of the mother to the household is needed to make ends meet in the household. The mother, however, who is 85 years old, is entirely dependent upon her daughter in a physical sense, for the daughter provides transportation for marketing, banking and medical attention. The mother has glaucoma. It is a fair inference that the purpose of the life insurance policy is to make some provision for the physical needs of the mother in the event that debtor should predecease her.

We conclude that the word "dependent" at ORC § 3911.10 is not limited to financial dependence, but extends as well, at least in circumstances such as those present in this case, to a situation where the purpose of the insurance is to provide for a substitute means of caring for a dependent. To adopt the narrow interpretation of "dependent" urged by the trustee in this case would be to ignore the financial implications which would follow in the event that the insured here died and the beneficiary collected the proceeds of the policy.

While neither counsel in the case nor the court have found any decision in point on the question before us, it is an established

principle that exemption statutes are to be liberally construed, *In re Cycyk,* 29 B.R. 722, 724 (Bankr.N.D.Ohio 1983), and so construed in favor of the debtor, *In re Law,* 37 B.R. 501, 512 (Bankr.S.D.Ohio 1984). Applying these principles here, we hold that the objection to the exemption should be denied.

So Ordered.