**In the Matter of Charles Richard HEALY and Sally Elaine Healy, Debtors.**

**Bankruptcy No. MM7–88–02712.**

United States Bankruptcy Court,
W.D. Wisconsin.

May 21, 1989.

William T. Read, Madison, Wis., for debtor.

Walter H. Erbach, Voss, Nesson, Erbach & Voss, S.C., Madison, Wis., for Ann and Arnold Benardette.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

Charles and Sally Healy, the debtors in this chapter 7 case, have filed a motion under Bankruptcy Code section 522(f)(1) seeking to avoid a judicial lien encumbering $8,114.60 in cash held in an escrow account. The cash represents the proceeds from a prepetition sale of the Healys' homestead.

Arnold and Ann Benardette object to the debtors' motion, arguing that their judicial lien does not "impair an exemption to which the debtor[s] would have been entitled." After a January 31, 1989, hearing the parties were given leave to submit briefs. Neither party has done so.

The Benardettes hold a $8,114.60 judgment against Mr. Healy, which was docketed with the Dane County Circuit Court on October 25, 1988. The Healys sold their homestead on October 28, 1988, and apparently moved into a rental unit. Valley Bank retained, and currently holds, $8,114.60 of the sale proceeds in escow on behalf of the Benardettes.

On November 16, 1988, the Healys filed a joint petition under chapter 7 of the Bankruptcy Code. On January 3, 1989, they filed a motion under section 522(f)(1) [1] to avoid the Benardettes' lien. At the motion hearing no evidence was presented concerning either the Healys' intended use of the escrowed funds or their intentions regarding future housing.

The sole issue in this case is whether the Benardettes' lien "impairs an exemption to which the debtor would have been entitled under subsection (b)" of section 522. In Wisconsin, section 522(b) permits the debtors to choose between exemptions available under state law and those listed in section 522(d). The debtors selected the exemptions found in section 522(d).

Section 522(d)(1) provides:

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real or personal property, that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

The debtors have jointly claimed $8,114.60 in proceeds from the prepetition sale of their homestead as exempt under this provision. I do not believe the statute supports the debtors' claim.

The debtor's entitlement to an exemption is determined as of the date the bankruptcy petition was filed. See White v. Stump, 266 U.S. 310, 312–14, 45 S.Ct. 103, 103–04, 69 L.Ed. 301 (1924); In re Brzezinski, 65 B.R. 336, 339 (Bankr.W.D.Wis.1985); In re Sajkowski, 49 B.R. 37, 39 (Bankr.D.R.I. 1985).[2] The exemption available under section 522(d)(1) is limited to the "debtor's aggregate interest ... in real property or personal property that the debtor ... uses as a residence." (emphasis supplied). This occupancy requirement is the sine qua non of the homestead exemption. See L. King, 3 Collier on Bankruptcy ¶ 522.10 at 522–49 (15th ed. 1988); In re Carilli, 65 B.R. 280, 282 (Bankr.E.D.N.Y.1986). On the date of filing, the Healys had sold their homestead and ceased to occupy the house they sold. Because it is undisputed that the Healys did not actually occupy a homestead as of the filing date, their motion must fail unless they can make out a claim of constructive occupation.

A claim of constructive occupation must be substantiated by evidence of an intent to return to the residence or to occupy a particular residence in the future. See L. King, 3 Collier on Bankruptcy ¶ 522.10 at 522–49 (15th ed. 1988) ("Occupancy may be constructive as well as actual, but there

---

1. Section 522(f)(1) provides:
 (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—
 (1) a judicial lien.

2. The Seventh Circuit Court of Appeals has suggested limitations on the general rule of White v. Stump. See In re Patterson, 825 F.2d 1140,

1143 (7th Cir.1987). Those limitations, however, relate to its applicability where events occurring after the bankruptcy filing have changed the nature of the property the debtor seeks to exempt, see Patterson, 825 F.2d at 1143–44, and may not extend to cases involving the debtor's homestead, see id. at 1143; see also Sajkowkski, 49 B.R. at 39–40. In any event, it cannot be gainsaid that the earliest date for determining the Healys' rights to a homestead exemption is the date of filing.

must be some positive indication of an intent to occupy the premises ...". Evidence of an intent to abandon the homestead will defeat a constructive occupancy claim, but a hiatus in occupancy will not. *See id.* Moving from one residence to another will defeat any claim of exemption in the former. *See In re Tevaga,* 35 B.R. 157, 159 (Bankr.D.Haw.1983). The Healys' removal from and sale of their residence prior to filing evidenced their intention to abandon any exemption in that homestead.

The exemption laws of many states, including Wisconsin, exempt proceeds from the sale of a homestead.[3] There is, however, no equivalent language in section 522(d)(1), and none can be inferred. *See Brown v. Dellinger (In re Brown),* 22 B.R. 844, 850 (Bankr.N.D.N.Y.1982) *aff'd on other grounds* 734 F.2d 119 (2d Cir.1984). Moreover, any claimed exemption in the proceeds must be denied when, as in this case, there is no evidence that the proceeds were intended to be reinvested in a new residence which the Healys planned to occupy. *Compare Patterson,* 825 F.2d at 1145 (no exemption for proceeds from postpetition sale of debtor's tools of the trade where the debtors expressed no intention of using the proceeds to buy cheaper replacements).

Perhaps the functional equivalent of the Wisconsin exemption for sale proceeds can be found in section 522(d)(5), which permits the debtor to exempt an "aggregate interest in any property, not to exceed in value $400 plus up to $3,750 of any unused amount of the exemption provided under paragraph (1) of this subsection." This provision was intended to eliminate discrimination in the Code's exemption scheme between debtors who owned a home and

those who did not. *In re Patterson,* 825 F.2d at 1147.[4] Using this "wildcard" exemption, the Healys, who did not own a homestead when they filed bankruptcy, could have utilized at least part of the section 522(d)(1) homestead exemption to preserve the escrowed proceeds.[5] They have not done so.

The Healys made the deliberate, and presumably exemption-maximizing, choice to utilize the section 522(d) exemptions. The Healys could have elected the state law exemptions—the path taken by most Wisconsin debtors—which might have permitted them to exempt the funds now held in escrow. The Healys, however, chose the road "less traveled by, And that has made all the difference."[6] They may not exempt the sale proceeds nor may they avoid the lien of the Benardettes. Their motion must be denied.

---

3. *See* WIS.STAT. § 815.20(1) (1987–88) (the homestead exemption "shall not be impaired ... by the sale of the homestead, but shall extend to the proceeds derived from the sale to an amount not exceeding $40,000.00, while held, with the intention to procure another homestead with the proceeds, for 2 years.").

4. An intention frustrated by the adoption of the 1984 amendment which reduced the amount of the "wildcard" exemption from $7,500.00 to $3,750.00. *See* L. King, 3 *Collier on Bankruptcy* ¶ 522.14 at 522–53 n. a (15th ed. 1988).

5. *See In re Smith,* 640 F.2d 888, 891 (7th Cir. 1981) ("the general exemption [of section 522(d)(5) ] may be applied to any property that is property of the estate"); *In re Austin,* 73 B.R. 75, 77 (Bankr.D.Vt.1987) (escrowed proceeds from prebankruptcy sale of homestead may be exempted under section 522(d)(5)).

6. R. Frost, "The Road Not Taken" in *Complete Poems of Robert Frost* 131 (1964).