**In re Janice Irene BROWN, Debtor.**

**Bankruptcy No. 90–00232.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 27, 1991.

Bruce C. French, Lima, Ohio, Trustee in Bankruptcy.

Frederick E. Markley, Kenton, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Trustee's Objection to Debtor's Claim of Exemption and Request for Turnover of Insurance Policy Cash Surrender Value. At the Hearing, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in making its decision. The Court has reviewed the testimony from the Hearing, the post-Hearing argument letters, as well as the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Trustee's Objection should be Sustained.

On January 26, 1990, the Debtor, Janice Irene Brown [hereinafter "Janice"], filed a Chapter 7 Bankruptcy petition. In her B–2 Schedule, Janice listed a life insurance policy of which her mother is the beneficiary. She listed the life insurance policy as having a cash surrender value of Twelve Hundred Dollars ($1,200.00). In Janice's B–4 Schedule, she claimed that the cash surrender value was exempt under Ohio Revised Code Sections 3911.10 and 2329.66(A)(6)(b). The Trustee objected to the exemption on the grounds that the Debtor's mother was not dependent upon the Debtor in accordance with the exemption statute.

At the Hearing on the issue of dependency, Janice testified that she took out the life insurance policy to pay her funeral expenses as her mother could not afford to do so. The Debtor further testified that she had lived with her mother for fourteen (14) years and that her mother owned the house. She further testified that up until the time of the petition, she did not pay rent to her mother nor did she have a rental agreement with her mother. The Debtor testified that she provided transportation for her mother and supplied the home with groceries. She further testified that she pays for her mother to fly to Florida every year to visit her mother's mother. The Debtor was 41 years old at the time of the Hearing.

Corrine Brown [hereinafter "Mrs. Brown"], Debtor's mother, testified that she received about Six Hundred Twenty Dollars ($620.00) a month from her Social Security and her deceased husband's pension. Mrs. Brown testified that she pays the real estate taxes on the home. She further testified that Janice purchased clothes for her. However, Mrs. Brown was unable to identify any specific dollar amount that Janice contributes to her support, be it for food, clothing, shelter, or regular bills. Mrs. Brown testified that she is anemic and suffers from arthritis. She also testified that the purpose of the life insurance policy was to take care of the debtor upon death. Mrs. Brown was 68 years old at the time of the Hearing.

Ohio Revised Code Section 2329.-66(A)(6)(b) provides, in pertinent part, that:

> (A) Every person ... may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
>
> (6)(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code.

O.R.C. § 2329.66 (Baldwins 1990).

Section 3911.10 of the Ohio Revised Code provides that:

> All contracts of life or endowment insurance or annuities upon the life of any person, or any interest therein, which may hereafter mature and *which have been taken out for the benefit of* ... any relative *dependent upon such person*, shall be held, together with the proceeds or avails of such contracts ... free from

all claims of the creditors of such insured person or annuitant.

O.R.C. § 3911.10 (Baldwins 1990) (emphasis added).

Exemption statutes are to be liberally construed so as to maximize their availability to debtors. *In re Collopy*, 99 B.R. 384 (S.D.Ohio, W.D.1989). "[T]he courts of Ohio, for the purpose of maintaining the home, and insofar as possible, preventing pauperism and illiteracy, have uniformly given a liberal construction to all exemption statutes for the benefit of the debtor's family." *In re Weick*, 2 F.2d 647, 648 (6th Cir.1924).

This Court finds that the relationship between Janice and Mrs. Brown is not one of dependency as the term is used in the Ohio statute. In *In re Collopy*, the Bankruptcy Court held that "the word 'dependent' ... is not limited to financial dependence, but extends as well ... to a situation where the purpose of the insurance is to provide for a substitute means of caring for a dependent." *In re Collopy*, 99 B.R. 384 (S.D.Ohio, W.D.1989). In *Collopy*, the Debtor's mother, who suffered from glaucoma and was 85 years old, resided with the Debtor. The mother was completely dependent upon the Debtor for transportation. The *Collopy* Court drew an "inference that the purpose of the life insurance policy [in that case was] to make some provision for the physical needs of the mother in the event that debtor should predecease her." *Collopy*, at 384.

In the case *sub judice*, the testimony adduced at the Hearing indicates that Mrs. Brown is not financially dependent upon Janice; though Mrs. Brown may very well be physically dependent upon Janice for transportation due to her arthritis. These facts are similar to the situation in *Collopy*. However, the similarity stops there. A review of the testimony reflects that the policy was not taken out to provide a substitute means of support for Mrs. Brown in the event of Janice's death, but rather, was taken out for the purposes of burial.

This Court is unwilling to extend the meaning of dependency to cover this situation. Mrs. Brown's testimony taken as a whole indicates that the maintenance of the home would not be in jeopardy if the life insurance policy becomes an asset of the estate.

Consequently, the Trustee's objection as to the claim of exemption is sustained. Since the exemption is not properly asserted, the Trustee is entitled to recover the cash surrender value of the life insurance policy.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Trustee's Objection to the Claim of Exemption be, and is hereby, SUSTAINED.

It is FURTHER ORDERED that the Debtor turn over the Cash Surrender Value of the Life Insurance Policy to the Trustee.