**In re Jeffery Gayle SOMMER, Debtor.**

**Bankruptcy No. 97–83148.**

United States Bankruptcy Court, C.D. Illinois.

March 13, 1998.

Conrad Knuth, Ohio, IL, for Debtor.

Gary Rafool, Peoria, IL, for Trustee.

## *OPINION*

WILLIAM V. ALTENBERGER, Chief Judge.

The Debtor is a 38 year old quadriplegic who lives with his parents. His father is an over the road truck driver, who earns a reasonable income. His mother stopped working at a department store to stay at home and take care of her son. The parents modified their home so the Debtor could live with them. The Debtor receives approximately $700 per month as a social security disability payment, which is used to pay his personal expenses and help to pay the expenses of the home.

At the time the Debtor filed his Chapter 7 case in Bankruptcy he was the insured under two life insurance policies with cash values totaling $6,881.60 and the parents being the beneficiaries. The Debtor claimed the interests in the policies as exempt and the Bankruptcy Trustee objected.

■ At issue is the interpretation and application of § 12–1001(f) of the Illinois Code of Civil Procedure, which provides an exemption for:

All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured . . . .

735 ILCS 5/12–1001(f). The Trustee objected to the Debtor's claim of exemption in the life insurance policies on the grounds the Debtor's parents are not dependent upon him. The Debtor argued that the statute creates separate classes for spouses, children and parents, with no dependency requirements and for other persons dependent on the insured. Both the Trustee and the Debtor cite authority in support of their positions.

The Debtor relies on *In re Heck*, 212 B.R. 314 (Bkrtcy.C.D.Ill.1997), where J. Lessen, a fellow Bankruptcy Judge for the Central District of Illinois, allowed an exemption where the Debtor's non-dependent children were the beneficiaries, stating:

Both parties have offered credible interpretations of the exemption statute. The Trustee argues that the Illinois General Assembly has required that life insurance benefits "be payable 'to' one class (spouses), and then has designated an alternate class by using the term 'or' followed by 'to' and the listing of the members of that class". The Trustee suggests that if the legislature intended to exempt all insurance policies payable to children or parents, then it would have drafted the exemption as "payable to a wife or husband of the insured, or to a child or parent, or to any other person dependent upon the insured" or "payable to a wife, husband, child or parent of the insured, or to any other person dependent upon the insured".

The Debtor argues that the word "dependent" is a qualifying word, and, under the rules of statutory construction, it is to be applied to the words or phrases immediately preceding it, and not extended to other words, phrases or clauses more remote, unless the intent of the legislature required such an extension. *In re Rhodes*, 147 B.R. 443, 446 (Bankr.N.D.Ill.1992). The Debtor further argues that it is significant that the legislature placed the disjunctive word "or" before the phrase "other person dependent", thereby separating "other person" from the rest of the sen-

tence. Finally, the Debtor suggests that if the legislature intended for relatives of the debtor to be dependent as well as any other person, it would have placed its comma after person and before dependent, i.e., the statute would have read "payable to a wife or husband of the insured, or to a child, parent or other person, dependent upon the insured".

Determining the plain meaning of a statute is almost always a tricky procedure. As one commentator has observed, "Lawyers are paid to disagree; it is the very nature of our adversarial system. Five lawyers worth their salt can come up with five different meanings for 'Mary had a little lamb' ". Palmer, What will *Dewsnup* Do to 1322(b)(2) Or The Lien Splitter Meets the Tin Woodman, NACTT Quarterly, Vol. 5, No. 3, p. 25 (April 1992). In this case, both parties maintain that the plain meaning of the statute supports their position and both parties have suggested alternate wording or punctuation which the legislature would or should have used if it intended the interpretation advanced by the other side.

Statutes should be construed to give them a reasonable meaning and to prevent an absurd result. *In re Rhodes, supra,* 147 B.R. at 446. The court believes that there is a fundamental difference in a debtor's relationship to a spouse, parent or child, and a debtor's relationship to an "other person". The family ties of a debtor to a spouse, parent or child limit the scope of the exemption. Clearly, there must be some sort of limitation on "other person" or the exemption would be so broad that it would be absurd. The Court believes that the qualifying language "dependent upon the insured" was intended by the legislature to modify "other person", not spouse, parent or child. This holding is consistent with the liberal construction of exemption statutes in favor of debtors mandated by the Seventh Circuit. *In re Barker, supra,* 768 F.2d at 196.

Judge Lessen did not cite or discuss *In re Rigdon,* 133 B.R. 460 (Bkrtcy.S.D.Ill.1991), which is relied on by the Trustee and which addressed the issue in a detailed analysis.

In *Rigdon,* the debtors, married adults, claimed an exemption in benefits payable by reason of the death of their fourteen-year old son. Determining that the statute required the parents to be dependent upon their son, the court stated:

The court in *In re Schriar,* 284 F.2d 471 (7th Cir.1960) interpreted an identical phrase found in the exemption provision of the Illinois Insurance Code. The issue was whether the debtor could claim as exempt the cash surrender value of life insurance policies payable to his nondependent adult children. *Id.* at 472. The court held that "dependent" modified both "child" and "parent" in the statute. Like the court in *Schriar,* this court finds that "dependent" modifies "child" and "parent" in § 12–1001(f) such that a child or parent must be dependent upon the insured in order to benefit from the exemption.

Quoting from the *Schriar* case in a footnote, the court stated:

It is a "cardinal rule" in construction of a statute that effect should be given, if possible, to each word, clause and sentence. The instant statute limits the beneficiaries "to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured." The legislature used the words "or *other* person dependent upon the insured," not just or person dependent upon the insured. The word "other" cannot be discarded. The legislature clearly anticipated that child and parent were in the same class as "other person dependent upon the insured." The legislature must have intended that "dependent upon the insured" should modify child and parent, as well as "other person." Furthermore, this interpretation gives effect to the chief objectives of the exemptions laws, in that it protects the debtor in his subsistence, his family to whom he is obligated to support, and the public. Interpreting this statute liberally neither requires nor permits us to read into the statute that a beneficiary may be an adult son or daughter not dependent upon the debtor, where such meaning is simply not there.

*Schriar,* 284 F.2d at 474 (citation omitted).

Turning to the issue of whether the debtors were actually dependent on their minor son for purposes of the exemption statute, the court noted the absence of a definition of "dependent" in the personal property exemption provisions of the Illinois Code of Civil Procedure and explored the meaning given the term by federal courts in the bankruptcy context. The court concluded:

> This Court agrees with the reasoning and analysis used in [*In re*] *Tracey* [66 B.R. 63 (Bkrtcy.D.Md.1986)] and *Dunbar* [99 B.R. 320 (Bkrtcy.M.D.La.1989)]. Congress has not defined "dependent" in the Bankruptcy Code, and the Illinois legislature has not defined "dependent" for purposes of the exemption statute. Both legislative bodies, however, have intricately defined "dependent" in other statutes when they though such a definition was necessary. Since neither Congress nor the Illinois legislature has deemed it necessary to define "dependent" for purposes of the issue before the Court, the Court concludes that the ordinary and common meaning of the word will suffice. It should be noted that the purpose of the exemption statutes is to give the debtor enough property and income to subsist and obtain a fresh start. *In the Matter of Barker,* 768 F.2d 191, 195 (7th Cir.1985); *In Re Van Iperen,* 819 F.2d 189, 191 (8th Cir.1987); *see In re Johnson,* 57 B.R. 635, 639 (Bankr.N.D.Ill.1986); *In re Dipalma,* 24 B.R. 385, 392 (Bankr.D.Mass.1982). Such statutes are to be liberally construed in the debtor's favor. *Barker,* 768 F.2d at 196; *Schriar,* 284 F.2d at 473. With this in mind, the Court holds that a "dependent," for purposes of § 12–1001 of the Illinois Code of Civil Procedure, is an individual who is supported financially, either directly or indirectly by another, and who reasonably relies on such support. This is a broad definition, and a factual finding of dependency will thus have to be made, after a hearing, on a case by case basis.

Because the parties had not addressed this issue, the court scheduled a hearing to give the debtors an opportunity to show that they were financially dependent on their son prior to his death.

The court in *Rigdon* noted that the bankruptcy courts had adopted a broad definition of "dependent". One of the cases discussed by the court in *Rigdon, supra,* is *In re Collopy,* 99 B.R. 384 (Bkrtcy.S.D.Ohio 1989), which the court characterized as putting a "somewhat different twist" on the interpretation of dependency. Discussing the case, the court stated:

> [I]n that case, the trustee objected to an exemption claimed by the Chapter 7 debtor. The debtor claimed the cash surrender value of a life insurance policy, of which her 85–year–old mother was the beneficiary, as exempt under an Ohio statute which exempted from the claims of creditors of the insured person any policy in which the beneficiary was " 'any relative dependent upon such person.' " (Citation). The trustee argued that the beneficiary-mother was not dependent upon the debtor.

The parties in *Collopy* agreed that the debtor's mother was not financially dependent upon the debtor. The court emphasized, however, that the mother was "entirely dependent upon her daughter in a physical sense." *Id.* The mother had glaucoma, so the daughter provided "transportation for marketing, banking and medical attention." *Id.* The court stated it was "a fair inference that the purpose of the life insurance policy [was] to make some provision for the physical needs of the mother in the event that debtor should predecease her." *Id.* Applying the principle that exemption statutes are to be liberally construed in the debtor's favor, the court concluded:

> [T]he word "dependent" [in the Ohio exemption statute] is not limited to financial dependence, but extends as well, at least in circumstances such as those present in this case, to a situation where the purpose of the insurance is to provide for a substitute means of caring for a dependent. To adopt the narrow interpretation of "dependent" urged by the trustee in this case would be to ignore the financial implications which

would follow in the event that the insured here died and the beneficiary collected the proceeds of the policy.

*Id.*

For the reasons stated in *Rigdon*, this Court agrees with that court's interpretation of the Illinois exemption provision. The provision is clearly based upon a dependency requirement. In the situation of a husband and a wife, it is a given that there is a mutual dependency and there was no need for the Illinois legislature to add that requirement to the provision in so many words. As to the relationship between parents and a child, at some point there is normally an emancipation, where the child begins to live an economically independent life. There would be no need to protect insurance proceeds in such a situation. It is only where the parent or the child is a dependent, similar to another class of relative or friend, who is dependent on the insured, that protection of insurance proceeds makes sense under the exemption provision.

▮ The next issue to be decided is whether the Debtor's parents are financially dependent upon him. They are not. He is dependent upon them. His father is working and is earning a good salary, sufficient to support himself and his wife. There are certain additional expenses associated with the Debtor living with his parents. However, those expenses are being covered by the Debtor contributing all or part of his monthly disability payment towards them.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order. .