**In Re: Joanne LUSIAK, Debtor.**

No. 99–33023.

United States Bankruptcy Court, N.D. Ohio.

March 9, 2000.

been presented to support this allegation, the Court will not consider it in its decision.

John J. Hunter, Toledo, Interim Trustee.

Walter J. Skotynsky, Toledo, for Debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

The instant cause is brought before the Court by way of two objections filed by the Chapter 7 Trustee against two claims of exemption asserted by the Debtor, Joanne Lusiak. The specific items of property against which the Trustee interposes his objections are a house located in Toledo, Ohio, and the past due rents owing from the Debtor's lease of this house. However, with regards to the Debtor's claim of exemption in the past due rents, the Trustee, at a subsequent hearing held on that matter, withdrew his objection on the condition that the Debtor only seek to apply that exemption against prepetition past due rent, a condition which the Debtor did not contest. Accordingly, based upon the Parties' apparent resolution of that matter, the Court's analysis will be confined to addressing the Trustee's objection to the Debtor's claim of exemption in her house.

The statutory authority upon which the Debtor relies for the exemption in her house is § 522(d)(1) of the Bankruptcy Code which provides in pertinent part:

> The following property may be exempted under subsection (b)(1) of this section:
>
> (1) The debtor's aggregate interest, not to exceed $16,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence[.]

The specific reason for the Trustee's objection to the Debtor's utilization of this statutory section is based upon his contention that the house does not constitute a "residence" for purposes of § 522(d)(1) as the Debtor was not physically occupying the house at the time she filed for bankruptcy relief. Specifically, the Trustee points to the fact that since 1998, the Debtor has lived in Clinton Township, Michigan.

The Debtor, while not contesting her physical absence from her Toledo, Ohio house at the time of the filing of her bankruptcy petition, argues that her house still constitutes a "residence" for purposes of § 522(d)(1) because she intends to return to the house at some unspecified point in the future.[1] In support of this asser-

---

1. As a resident of Michigan, the Debtor along with her bankruptcy petition also filed a con- temporaneous motion for a change of venue

tion, the Debtor points to two facts. First, the Debtor asserts that her relocation to the State of Michigan can only be considered temporary as it occurred as a direct result of her desire to take care of her sick mother. Second, the Debtor calls this Court's attention to the fact that upon her relocation to Michigan, she did not attempt to sell her house in Toledo, Ohio, but instead simply rented the house to a third party; the purpose of which was to cover the mortgage payments as they became due on the house. In opposition to these arguments, the Trustee points out that the Debtor, in her bankruptcy petition, identified her Michigan address as constituting her domicile/residence for at least the greater part of the One Hundred Eighty (180) days immediately preceding the date of the petition, and in accordance therewith, the Debtor chose to claim those exemptions afforded to debtors under the Bankruptcy Code, a choice available to a domiciliary of Michigan, but not to a domiciliary of Ohio.[2]

## LEGAL ANALYSIS

■ Pursuant to the arguments raised by the Parties, the sole issue for this Court to address is whether, under the particular facts of this case, the Debtor's physical absence from her house at the time she filed her bankruptcy petition deprives her of the right to claim an exemption in that house under § 522(d)(1). As the Debtor's claim of exemption is brought pursuant to a specific provision contained in the Bankruptcy Code, the Court's decision will be determined by reference to applicable federal law. *In re Brent*, 68 B.R. 893, 895 (Bankr.D.Vt.1987). In making its determination, the Court notes that under federal law, the burden of

proof is placed upon the party contesting the exemption to prove, by a preponderance of the evidence, that at the time of the filing of the bankruptcy petition, the debtor was not entitled to claim the propounded exemption. *In re Sims*, 241 B.R. 467, 468 (Bankr.N.D.Okla.1999); FED. R. BANKR. P. 4003(c).

■ A central goal of bankruptcy law is to provide a fresh start to the honest but unfortunate debtor, and in support of this policy goal the Bankruptcy Code recognizes the long-standing tradition that a person's home should be protected, at least in part, from execution by that person's creditors. *See generally In re Tomko*, 87 B.R. 372, 375 (Bankr.E.D.Pa.1988). Section 522(d)(1) of the Bankruptcy Code implements this policy by protecting a debtor's interest in their home, up to Sixteen Thousand One Hundred Fifty dollars ($16,150.00), to the extent that such a home qualifies as the debtor's "residence." The term "residence," however, is not actually defined by the Bankruptcy Code, although at a minimum, the term denotes occupancy of the premises by the debtor as a principal place of dwelling. Notwithstanding this prerequisite, actual physical occupancy of a dwelling house is not an absolute necessity to a finding that a debtor actually occupies a house for purposes of the residency requirement of § 522(d)(1). For example, if actual physical occupancy were an absolute condition precedent to the residency requirement of § 522(d)(1), then even a temporary absence from one's home, such as may occur when a person takes an extended vacation, would defeat a debtor's entitlement to claim an exemption in that house, a result clearly in contradiction to the purpose of

to the Northern District of Ohio, Western Division, which this Court granted.

2. Pursuant to § 522(b), a debtor's right to claim an exemption in bankruptcy is determined by the state in which the debtor is domiciled. *See In re Vaughan*, 188 B.R. 234, 237 (Bankr.E.D.Ky.1995) (holding that the terms residence and domicile are not the same thing, but that a debtor may only claim

an exemption in property where he is domiciled). Some states like Michigan permit their citizens to pick the exemptions afforded by the Bankruptcy Code. However, most states, including Ohio, have elected to "opt-out" of the federal bankruptcy exemption scheme, and confine their citizens in bankruptcy to the exemptions provided for by applicable state law.

the exemption statute. *In re Anderson,* 240 B.R. 254, 258 (Bankr.W.D.Tex.1999). Therefore, in conformity with the axiom that exemptions are to be liberally construed in favor of the debtor, the occupancy requirement of § 522(d)(1) may be met by the debtor establishing that he was in constructive occupancy of his home at the time he filed his bankruptcy petition. Nevertheless, as constructive occupancy is essentially an affirmative defense to a prima facie case of abandonment, it is the debtor who bears the burden to show that he was in constructive occupancy of the premises at the time of the filing of the bankruptcy petition.

 For purposes of § 522(d)(1), constructive occupancy can be defined as physical absence from a premises coupled with an intent to return to the premises at some point in the future. *In re Healy,* 100 B.R. 443, 444 (Bankr.W.D.Wis.1989). (This is opposed to abandonment which can be defined as physical absence from a premises combined with an intent to permanently vacate the premises. *In re Cope,* 80 B.R. 426, 428 (Bankr.N.D.Ohio 1987)). In order to establish these criteria, bare allegations by the debtor of an intent to return to his property are insufficient. Instead, for a debtor to establish the requisite intent to return to his property, the debtor's own testimony must be coupled with external circumstances which would demonstrate that it would be realistic to expect that the debtor will actually return to the property. For example, a debtor's involuntary or compelled absence from his property, in conjuncture with credible testimony by the debtor of an intent to return, while not conclusive, would be very probative of a debtor's actual intent to return to his property. *In re Cameron,* 25 B.R. 119, 120 (Bankr. N.D.Ohio 1982) (debtors not physically occupying their home because of fire damage permitted to claim homestead exemption).

 In the present case, the Debtor contends that the circumstances of her case necessitate a finding that she intends to return to her Toledo, Ohio property and, in principle, this Court would tend to agree that the Debtor's move to Michigan to take care of her sick mother, in combination with the Debtor leasing her home to a third party to defray the cost of her mortgage payment, could very well be indicative of a person who, under the above-enumerated standard, intends to return to her property at some point in the future. For example, in *In re Anderson,* the Bankruptcy Court for the Western Division of Texas held, under circumstances comparable to this case, that the "[r]ental of a residence ... is not necessarily inconsistent with an intent to return to the property and occupy it as the owner's home." 240 B.R. at 259. However, an additional factor present in this case altogether contradicts the Debtor's assertion that she intends to return to her Toledo, Ohio house and occupy it as her residence. Specifically, the Debtor has declared through her bankruptcy petition, and her schedule of exemptions contained therein, that her domicile is in the State of Michigan; however, domicile, for purposes of claiming an exemption under § 522, is defined as "actual residence with a present intention to remain there." *In re Levy,* 221 B.R. 559, 566 (Bankr.S.D.Fla.1998). Thus, by definition, a debtor claiming to be domiciled in Michigan would not have the necessary intent to return to Ohio so as to satisfy the residency requirement of § 522(d)(1). *See In re Lowenschuss,* 202 B.R. 305, 315 (Bankr.D.Nev.1996) *aff'd* 171 F.3d 673 (9th Cir.1999) (location of debtor's claimed domicile determines a debtor's right to an exemption even if the parties stipulate otherwise). Further reinforcing this holding is the case of *Furr v. Lordy (In re Lordy),* where the bankruptcy court, in addressing the domicile requirement for claiming an exemption in bankruptcy, stated:

A person's domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there. A person has only one domicile at a particular time even though he or she may

have several residences. A change in domicile requires physical presence at the new location along with an intention to remain there indefinitely or the absence of any intention to go elsewhere. 214 B.R. 650, 662 (Bankr.S.D.Fla.1997).

 In addition, to now permit the Debtor, as domiciliary of Michigan, to claim that she resides in Ohio for the sole purpose of claiming an exemption in a house located in Ohio would, in substance, expand the scope of § 522(d)(1) to beyond what it was originally intended. Simply put, if the Court were to adopt the line of reasoning espoused by the Debtor, it would be relatively easy for other debtors in the future to establish their domicile in a State with more favorable exemptions than Ohio,[3] and thereafter, with significant assets still located in Ohio, file for bankruptcy protection. Obviously, such a condition has the potential to encourage forum shopping for exemptions, a result clearly against public policy, and of a special concern in a city such as Toledo, Ohio which is directly on the border with the State of Michigan. *See First Options of Chicago, Inc. v. Kaplan (In re Kaplan)*, 162 B.R. 684 (Bankr.E.D.Pa.1993), *aff'd* 189 B.R. 882 (E.D.Pa.1995).

Accordingly, based upon the foregoing analysis, this Court must sustain the Trustee's objection to the Debtor's claim of exemption in her house located in Toledo, Ohio. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Trustee's Objection to the Debtor's Claim of exemption in her Toledo, Ohio house, pursuant to 11 U.S.C. § 522(d)(1), be, and is hereby, SUSTAINED.

It is **FURTHER ORDERED** that the Trustee's Objection to the Debtor's claim of exemption in past due rents, pursuant to

11 U.S.C. § 522(d)(5), be, and is hereby, DISMISSED without prejudice.

---

3. For example, under Ohio law an individual debtor is only entitled to claim a Five Thousand dollar ($5,000.00) exemption in their house. O.R.C. § 2329.66(A)(1)(b).