In re Harold Eugene FEASEL, II and Linda Diane Feasel (Deceased), Debtors.

No. 99–33535.

United States Bankruptcy Court, N.D. Ohio.

Jan. 5, 2001.

Steven L. Diller, Van Wert, OH, Earl J. Rice, Van Wert, OH, for debtors.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Trustee's Objection to the Debtors' claim of exemption in all of the proceeds that they received under a certain policy of insurance: to wit, Twenty-one Thousand One Hundred Seventy-three dollars ($21,173.00) in prepetition proceeds the Debtors received from Aetna U.S. Healthcare as reimbursement for claims and losses incurred by the Debtor, Linda Feasel. The statutory grounds upon which the Debtors rely for their claim of an exemption in the insurance proceeds are O.R.C. §§ 2329.66(a)(6)(e) and 3923.19.

On March 14, 2000, the Court held a hearing on the matter at which time the Parties agreed that all the issues involved in this proceeding were solely questions of law. Accordingly, the Parties filed legal briefs with the Court in support of their respective positions. In addition, the Parties have, in accordance with this Court's order dated August 8, 2000, filed with the Court a stipulated set of facts. The facts,

as delineated by the Parties, are in relevant part as follows:

This proceeding was commenced on August 25, 1999 by a voluntary petition for relief under Chapter 7. Thereafter, the Trustee was appointed as Trustee and remains Trustee as of the date of this stipulation.

Prior to the commencement of this proceeding, the debtor Linda Feasel was diagnosed with cancer. Her medical treatment for the cancer commenced on May 18, 1999. Subsequent to the meeting of creditors and shortly before discharge, the debtor, Linda Feasel received checks from Aetna U.S. Healthcare in the following amounts for the treatment indicated:

| | |
|---|---|
| $ 5,841.11 | Services provided at Medical College of Ohio 5/18–5/21, 1999 |
| $14,107.79 | Services provided at Medical College of Ohio 8/3–8/7, 1999 |
| $ 1,224.54 | Services provided 8/3/99—Dr. Gerken |
| $ 4,827.32 | Services provided 10/1/99—Surgicare |

None of the funds involved in this proceeding were received prepetition.

The Funds paid were made in four increments as set forth above.

The total cost of Linda Feasel's medical bills for treatment is at this time unknown.

The portion of the funds attributable to prepetition treatment is $21,173.44 and the sum of $4,827.32 for postpetition treatment.

The debtor, Linda Feasel received all the funds, none of the funds were paid to the debtor, Harold Feasel.

The debtor, Linda Feasel was disabled from May through October, 1999.

The treatment to the debtor, Linda Feasel was covered under two health insurance policies. One was through employment and the other was through privately paid for supplemental insurance.

The medical claims were paid by the insurance policy through employment, except for certain deductibles or if the claim was not a covered charge. In the event that a claim was not paid for these reasons, the unpaid portion was then paid for by the supplemental insurance. In addition, the supplemental insurance then paid the balance to the debtor Linda Feasel.

On March 19, 2000, the debtor Linda Feasel died. At the time of her death, Linda Feasel only had $4,014.00 of the funds on hand having expended the balance of the funds for the purchase of a 2000 Chevrolet Astro Van. These assets were received by the debtor, Harold Feasel from the Estate of Linda Feasel, as the surviving spouse of the debtor, Linda Feasel.

## LEGAL ANALYSIS

In the instant case, the Court is called upon to determine the permissibility of the Debtors' claim of an exemption in certain insurance proceeds paid on account of prepetition medical services rendered to the Debtor, Linda Feasel. Specifically, the Debtors seek to exempt Twenty-one Thousand One Hundred Seventy-three and 44/100 dollars ($21,173.44) in proceeds received from Aetna U.S. Healthcare. In this respect, it appears to the Court, from the above set of stipulated facts, that the prepetition medical services provided to the Debtor, Linda Feasel, have been paid in full, and thus the funds the Debtors seek to exempt are, in essence, excess insurance proceeds. In support of their claim of exemption, the Debtors, as previously stated, cite to O.R.C. §§ 2323.66(A)(6)(e) and 3923.16 which provide that:

**2329.66 PROPERTY THAT PERSON DOMICILED IN THIS STATE MAY HOLD EXEMPT**

(A) Every person who is domiciled in this state may hold property exempt

from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

> (6)(e) The person's interest in the portion of benefits under policies of sickness and accident insurance and in lump-sum payments for dismemberment and other losses insured under those policies, as exempted by section 3923.19 of the Revised Code

## 3923.19 BENEFITS EXEMPT FROM LEGAL PROCESS; EXCEPTION

The portion of any benefits under all policies of sickness and accident insurance as does not exceed six hundred dollars for each month during any period of disability covered by the policies, is not liable to attachment or other process, or to be taken, appropriated, or applied by any legal or equitable process or by operation of law, either before or after payment of the benefits, to pay any liabilities of the person insured under any such policy. This exemption does not apply if an action is brought to recover for necessaries contracted for during the period of disability, and if the complaint contains a statement to that effect.

When a policy provides for a lump sum payment because of a dismemberment or other loss insured, the payment is exempt from execution by the insured's creditors.

With respect to the Debtors' claim of an exemption under these two statutory sections, the Bankruptcy Rules provide that the Trustee, as the party objecting to the Debtors' claim of an exemption, bears the burden of proving that the exemption is not properly claimed. FED.R.BANKR.P.

4003(c).[1] In accordance therewith, the Trustee, in his Memorandum in Support, argues as follows:

> Under the provisions of R.C. 3923.19, the exemption statute, Linda Feasel would be entitled to $600.00 for each month during any disability covered by the policies. The two periods of disability under the Aetna policy for which this exemption could be claimed are the two visits which Linda Feasel spent in Medical College Hospital. Thus, she may be entitled to a $1,200.00 exemption. However, this theory should not stand because the record reflects that during the period of this proceeding Linda Feasel was still receiving medical/healthcare benefits from both Aetna and the private insurance company; as a result [sic] may very well receive additional lump sum payments in the near future.

Thus, with regards to the above statement, the Trustee's objection to the Debtors' claim of exemption is essentially composed of two separate components: First, the Trustee asserts that the Debtors have not complied with the requirements of the above statutory sections, and thus are totally precluded from claiming an exemption in the insurance proceeds that they received from Aetna U.S. Healthcare. Second, and in the alternative, the Trustee asserts that if the Debtors are entitled to claim an exemption in the insurance proceeds, the amount of the Debtors' exemption should be limited to the Six Hundred Dollar ($600.00) per month cap provided for in the first paragraph of O.R.C. 3923.19; which according to the Trustee means that the Debtor, Linda Feasel, having just two periods of disability, is only entitled to claim an exemption of One

---

1. Bankruptcy Rule 4003(c), which is entitled "Burden of proof" provides that, "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections."

Thousand Two Hundred dollars ($1,200.00) in the insurance proceeds received from Aetna U.S. Healthcare.

After considering the Trustee's first point of contention—regarding the Debtors' complete lack of a valid claim of an exemption in the insurance proceeds received from Aetna U.S. Healthcare—the Court finds the Trustee's argument to be without merit. This reason for this is that the Court can see no reason why the possible receipt of future payments, whether by installment or by a lump-sum payment, should affect the Debtors' entitlement to claim an exemption in the proceeds already received. Simply stated, the Court can see no reason why a debtor's claim of exemption must be fully liquidated and then paid in order to be exemptible under O.R.C. §§ 2329.66(A)(6)(e) and 3923.19. Moreover, such a position, besides being in accord with established practices, is in conformance with the basic maxim of Ohio exemption law which provides that exemptions are to be liberally construed so as to maximize their availability to debtors. *In re Brown,* 133 B.R. 860, 861 (Bankr. N.D.Ohio 1991); *In re Cope,* 80 B.R. 426, 427 (Bankr.N.D.Ohio 1987).

As stated above, the Trustee has also asserted that even if the Debtors are entitled to claim an exemption under O.R.C. § 3923.19, the Debtors' exemption should be limited to the Six Hundred dollar ($600.00) per month cap provided for in the first paragraph of the statute. The Debtors, however, argue that such a cap is inapplicable because the second paragraph of O.R.C. § 3923.19, which does not provide for a dollar limitation upon a debtor's claim of exemption, is applicable under the particular facts of this case. In this regard, the Debtors, in their brief to the Court, state that in accordance with the language contained in the second paragraph of O.R.C. § 3923.19, the funds paid to them constituted a "lump sum payment because of a[n] ... other loss insured[.]"

The Court, however, while not actually disagreeing with the Debtors that those assets which are encompassed within the scope of the second paragraph of O.R.C. § 3923.16 are fully exemptible, must disagree with the Debtors' categorization of the insurance proceeds actually received by the Debtor, Linda Feasel. Specifically, the Court cannot find that the insurance proceeds received by the Debtor, Linda Feasel, fall within the meaning of a "lump-sum payment" as provided for in O.R.C. § 3923.16. In coming to this conclusion, the Court first observes that it could not find any language in the Debtor's insurance policy which called for a lump-sum payment. Moreover, the Debtors have clearly stipulated that they received four incremental payments from their insurance company, and thus the insurance proceeds actually received by the Debtor, Linda Feasel, cannot by their very nature be considered a lump-sum payment as that term is used in O.R.C. § 3923.19. *See* Black's Law Dictionary 949 (6th ed.1990) (defining a lump-sum payment as "a single payment in contrast to installments"). Accordingly, the Debtors' entitlement to claim an exemption in the insurance proceeds will be limited to the Six Hundred dollar ($600.00) per month cap provided for in O.R.C. § 3923.19. However, in this regard, the Court, in contrast to the Trustee's argument, finds that as the Debtor, Linda Feasel, was disabled for six (6) months (i.e., May through October of 1999) the Debtors shall be entitled to a Three Thousand Six Hundred dollar ($3,600.00) exemption in the insurance proceeds received from Aetna U.S. Healthcare.

One final note before concluding. The Parties, in their briefs to the Court, have raised an issue concerning whether, or not the last installment the Debtors received

of Four Thousand Eight Hundred Twenty-seven and 32/100 dollars ($4,827.32) is property of the estate. In this regard, however, the Parties have stipulated that such funds, in addition to being paid post-petition, were disbursed as the result of medical services rendered to Linda Feasel postpetition. Thus, given this stipulation, the Court cannot find that the Debtor, Linda Feasel, had a cognizable interest, either legal or equitable, in these funds upon the commencement of the Debtors' bankruptcy case. Accordingly, no interest in these funds would have passed to the Trustee in accordance with 11 U.S.C. § 541(a).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Debtors shall be entitled to claim a Three Thousand Six Hundred dollar ($3,600.00) exemption in the insurance proceeds received from Aetna U.S. Healthcare.

It is **FURTHER ORDERED** that the Debtors turnover to the Trustee the non-exempt portion of the moneys received from Aetna U.S. Healthcare.