**In re Brenda L. BUNNELL, Debtor.**

**No. 04–36580.**

United States Bankruptcy Court, N.D.Ohio.

Jan. 25, 2005.

---

332

Thomas S. Molitierno, Fayette, OH, for Debtor.

Louis J. Yoppolo, Toledo, OH, trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is brought before the Court on the Trustee's objection to the Debtor's claim of exemption in a life insurance policy. After holding a hearing on the matter, the Court took the matter under advisement, affording the Parties the opportunity to submit briefs in support of their respective positions, which they have now done. Upon reviewing the arguments made by the Parties, the Court finds that

the Trustee's Objection has merit, and therefore, the Debtor's claim of exemption in her life insurance policy will be disallowed. Beginning with the relevant facts giving rise to this matter, the reasons for this decision are set forth below.

The Debtor, Brenda Bunnell, voluntarily sought the protections of this Court through the filing of a petition under Chapter 7 of the United States Bankruptcy Code. At the time she filed for bankruptcy relief, the Debtor was the owner of a life insurance policy having a cash surrender value of just over $2,600.00; said policy named her sister, Denise Collins, as the sole beneficiary. Also, at the time she filed for bankruptcy, the Debtor had a prior testamentary will in effect wherein she bequeathed all her property in trust, naming her sister as the trustee and her two children as the sole beneficiaries.

## ANALYSIS

■ In this matter, at issue is the Debtor's right to claim an exemption in a life insurance policy. Determinations as to exemptions from property of the bankruptcy estate are core proceedings over which this Court has been conferred with the jurisdictional authority to enter final orders. 28 U.S.C. §§ 157(b)(2)(B) & 1334.

In one form or another, a basic facet of insolvency law, bankruptcy law included, has always been that a debtor must relinquish all of their property for the benefit of their creditors. At its most basic level then, by filing a petition in this Court the Debtor voluntarily agreed to forego her interest in any property—life insurance policy included—that could be used to pay her creditors. 11 U.S.C. § 541(a). However, so as to ameliorate the harshness of this rule, which effectively deprives a debt-

or of all of their property, bankruptcy law developed, and now provides that certain property held by a debtor is exempt from being administered for the benefit of the debtor's creditors. 11 U.S.C. § 522. In this way, exemptions promote a variety of public-policy aims: (1) to provide the debtor with that property which is necessary for their survival; (2) to enable the debtor to rehabilitate themselves; (3) to protect the debtor's family from the adverse effects of impoverishment; and (4) to shift the burden of providing the debtor and his family with minimal support from society to the debtor's creditors. *See* Epstein, Nickles & White, *Bankruptcy*, Vol. 2, § 8–1 (West 1992).

■ When a debtor is domiciled in Ohio, such as the situation here, Ohio law governs the debtor's right to claim an exemption in property, Ohio having opted out of the federal bankruptcy exemption scheme. *In re Lusiak*, 247 B.R. 699, 702 (Bankr.N.D.Ohio 2000). Still, in line with the Erie doctrine,[1] federal procedural law still applies to exemption determinations. And, pursuant to the Bankruptcy Rules of Procedure, the burden to establish that an exemption is not properly claimed is placed upon the objecting party. FED.BANK. R.P.4003(c); *Id.* For this burden, the evidentiary level is a preponderance of the evidence. *In re Lusiak*, 247 B.R. 699, 702 (Bankr.N.D.Ohio 2000).

■ Under Ohio law, and as a general matter, exemptions are entirely creatures of statute, being in derogation of the common law rule, expounded upon earlier, that all of a debtor's property is subject to execution for the payment of the debtor's legal obligations. *In re Poffenbarger*, 281 B.R. 379, 396 (Bankr.S.D.Ala.2002). Sec-

---

1. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (in diversity, state law provides the substantive legal principles, while federal law governs procedure).

tion 2329.66 of the Ohio Revised Code, the general provision governing exemptions under Ohio law, makes allowance for a debtor's exemption in a life insurance policy, providing:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgement or order, as follows:
>
>> (6)(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code[.]

As referenced in this statute, a debtor's right to claim an exemption in a life insurance policy is then limited by O.R.C. § 3911.10; in pertinent part, this section provides:

> All contracts of life or endowment insurance or annuities upon the life of any person . . ., which may hereafter mature and which have been taken out for the benefit of, or made payable by change of beneficiary, transfer, or assignment to, the spouse or children, or any persons dependent upon such person, . . . shall be held together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

Looking now to the applicability of this provision, the central issue raised by the Parties in their briefs is whether, within the statute's meaning, the Debtor's life insurance was *taken out for the benefit of* her children.

Under any rational interpretation, the phrase *taken out for the benefit of* as used in O.R.C. § 3911.10 necessarily denotes, with respect to life insurance, the policy

beneficiary. In that way, the Trustee argues that since the Debtor's life insurance policy only named her sister, individually, as a beneficiary, with no mention of her children or a trust in the children's favor, the policy does not qualify under § 3911.10 as having *been taken out for the benefit of* her children. On the other side, the Debtor, while not contesting the fact that she named her sister individually as the policy beneficiary, argues that to implement her true intent, the designation must be read consistent with her will wherein her sister was appointed as a trustee, not beneficiary, of a testamentary trust to provide for her children. In support of this position, the Debtor points to those cases issued by this Court which hold that a liberal construction must be given when interpreting exemptions. *In re Brown,* 133 B.R. 860 (Bankr.N.D.Ohio 1991); *In re Shaffer,* 228 B.R. 892 (Bankr.N.D.Ohio 1998).

As argued, it is the rule in Ohio that exemptions are to be liberally construed in favor of a debtor so as to effectuate their remedial purpose. *Morris Plan Bank of Cleveland v. Viona,* 122 Ohio St. 28, 170 N.E. 650 (1930). There are, however, limits—as exemptions are entirely creatures of statute, and thus a court cannot create an exemption where one does not exist; nor can a court go contrary to the express language of the statute. *Id.* Here, as now explained, these principles squarely conflict with the Debtor's position that her tacit intent must be accepted over the clear and specific beneficiary designation she made with respect to her life insurance policy.

Section 3911.10 sets forth three classes of protected beneficiaries: (1) a spouse; (2) children; or (3) a dependent of the insured.[2] On these classes of protected

---

2. In opposition to her claim of exemption, the Trustee also pointed out that the Debtor's sister did not fall under any of the three classes of persons protected by the statute; that is, the Debtor's sister is not a spouse, child or person dependent upon the Debtor.

beneficiaries, it is fundamental in matters of interpretation that a "statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void or insignificant." *United States v. Campos–Serrano,* 404 U.S. 293, 301 fn. 14, 92 S.Ct. 471, 476 fn. 14, 30 L.Ed.2d 457 (1971). However, to adopt the position, as espoused by the Debtor—to wit: a policy owner's later assertion of their intent may control over an unambiguous beneficiary designation—goes contrary to this rule as nearly every debtor, when faced with a nonqualifying beneficiary, could make a later assertion to the contrary. Thus, besides creating the potential for abuse, the Debtor's position would effectively undermine the policy decision made by the Ohio state legislature to limit the class of protected beneficiaries in § 3911.10 to just three categories of persons. Basic contractual principles also dictate this same conclusion.

■■■ At its core, an insurance policy is simply a contract between an insured and the insurer whereby, for an agreed premium, one party undertakes to compensate the other for loss on a specified subject by specified perils. *Carpenter v. Scherer–Mountain Ins. Agency,* 135 Ohio App.3d 316, 325, 733 N.E.2d 1196, 1202 (1999), *citing Ohio Farmers Ins. Co. v. Cochran,* 104 Ohio St. 427, 135 N.E. 537 (1922). Therefore, as a contract, an insurance policy is interpreted according to settled contractual principles. In matters of contractual interpretation, one of the primary goals is to give effect to the intent of the parties. When, however, a contract is unambiguous, such as is the situation here, a court must presume that the parties' intent resides in the words of the agreement; parol or other extrinsic evidence is inadmissible for the purpose of varying or contradicting the writing. *Id.; Alexander v.*

*Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150 (1978); *Uebelacker v. Cincom Systems, Inc.,* 48 Ohio App.3d 268, 273, 549 N.E.2d 1210, 1217 (1988).

Therefore, while not doubting her desire to support her children in the event of her death, it cannot just be assumed that, in naming her sister individually as the beneficiary of her life insurance policy, the Debtor intended to create a trust for the benefit of her children. There is simply nothing within the four corners of her policy to suggest otherwise. And, given their familial relationship, it cannot just be assumed that the Debtor did not intend her sister to be the actual beneficiary of her life insurance policy. In addition, other obstacles, both legal and factual, also exist with the Debtor's position.

First, even assuming that it had been the Debtor's true intent to create, from the proceeds of her life insurance policy, a trust for her children, her sister was under no legal obligation to comply with this wish—upon her death, the proceeds from her life insurance policy would have passed directly to her sister, individually, and not into the corpus of the testamentary trust previously set up for the benefit of her children. Next, from a legal standpoint, the existence of a trust cannot just be inferred—there must instead be an explicit declaration of a trust or circumstances which shows beyond reasonable doubt an intent to create a trust. 91 Ohio Jur.3d, Trusts, §§ 50, 99 (2004). In contrast, however, the Debtor's only declaration as to the existence of a trust, having occurred postpetition, is entirely self-serving, and thus, in the absence of additional corroborating evidence, simply does not rise to this level.

■■■ Finally, under Ohio law, any attempt to change the beneficiary of a life

On this specific point, however, the Debtor did not argue otherwise.

insurance policy through a will is generally not recognized. The only exception being, and evidently not applicable, is if such a change was authorized by the policy and then only if communicated to the insurer. *Stone v. Stephens*, 155 Ohio St. 595, 99 N.E.2d 766 (1951); *Rindlaub v. Travelers Ins. Co.*, 175 Ohio St. 303, 194 N.E.2d 577 (1963). Even so, the Debtor's will was executed prior in time to the Debtor taking out her life insurance policy. Thus, by logical implication, her will could not have served as a subsequent indication of her intent to remove her sister and then name her children as the beneficiaries of her life insurance policy.

Accordingly, for all of the reasons stated herein, the Court will not rewrite the Debtor's life insurance policy so as to change the unambiguous policy designation set forth therein. As such, the Debtor's life insurance policy, having her sister named as the sole beneficiary, does not qualify as exempt under O.R.C. § 3911.10. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Trustee's objection to the Debtor's claim of exemption in a life insurance policy, be, and is hereby, SUSTAINED; and that the Debtor's claim of exemption in the life insurance policy, be, and is hereby, DISALLOWED.

It is **FURTHER ORDERED** that, subject to any other applicable exemption, the Debtor immediately and unconditionally surrender to the Trustee the full amount of the cash surrender value of her life insurance policy or its equivalent.